



**United States District Court**
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

**FILED**
JUN   9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Date: June 03, 2008

**CV 08     2878**

Our case #    **08cv3652 (BSJ)(MHD)**
Case Name: **Re: Hugh John Tully and Penelope Carol Tully vs The Charles Schwab Corporation et**

Dear Sir/Madam,

# E-filing

Enclosed is a certified copy of the civil docket sheet   for the above referenced case that is being transferred from the United States District Court S.D.N.Y.- **to the Northern District of California.** The case file can be accessed through our CM/ECF System for the Southern District of New York. Please contact Ms. Martine Jocelyn at (212) 805- 5346 and she will furnish you with a CM/ECF Login and Password.

The enclosed copy of this letter is for your convenience in acknowledging receipt of these documents.

\*\*Court policy for USDC-SDNY states that all ECF actions require only original, manual paper filings for the  initiating documents. You may access our CM/ECF website for any additional documents that your court may require for processing.\*\*

Yours truly,

J. Michael McMahon
Clerk of Court

M. Mercado
Deputy Clerk

ama

**Fed Ex Air bill #  8651 7529 3070**

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN
AND ASSIGNED CASE NUMBER:**

CASE #_____ON DATE: _____

CASE TRANSFERRED OUT FORM

JONES, J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

HUGH JOHN TULLY and PENELOPE CAROL
TULLY, on behalf of themselves and all others
similarly situated,

        Plaintiffs,

vs.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES SCHWAB
INVESTMENT MANAGEMENT, INC.,
CHARLES R. SCHWAB, EVELYN DILSAVER,
RANDALL W. MERK and GEORGE PEREIRA,

        Defendants.

CV 08 2878

Case No. 08-CV-3652 (BSJ)(MHD)

**STIPULATION AND [PROPOSED]
ORDER RE: TRANSFER OF VENUE
TO THE NORTHERN DISTRICT OF
CALIFORNIA**

E-filing

PJH

WHEREAS, this action was filed on April 16, 2008, asserting claims against defendants

under Section 11, Section 12(a) and Section 15 of the Securities Act of 1933;

WHEREAS, seven other actions have been filed since March 18, 2008, involving

identical claims and substantially overlapping parties and those actions are pending in the United

States District Courts for the Northern District of California and the District of Massachusetts;

WHEREAS, on May 13, 2008, defendants moved this Court for an Order, pursuant to 28

U.S.C. § 1404(a), transferring this action to the United States District Court for the Northern

District of California;

WHEREAS, plaintiffs have agreed to stipulate to the transfer of this action to the

Northern District of California;

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _6/3/08_
```

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY _____
DEPUTY CLERK



IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

attorneys for the respective parties to the above-captioned action, that pursuant to 28 U.S.C.

§ 1404(a), this action is transferred to the United States District Court for the Northern District of

California.

SO STIPULATED.

Dated: May 30, 2008

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP

Daniel W. Krasner (DK 6381)
(*krasner@whafh.com*)
Robert B. Weintraub (RW 2897)
(*weintraub@whafh.com*)
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

*Attorneys for Plaintiffs Hugh John Tully and Penelope
Carol Tully*

Dated: May 30, 2008

MORRISON & FOERSTER LLP

Matthew D'Amore (MD 8229)
(*mdamore@mofo.com*)
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 468-8000
Fax: (212) 468-7900

Darryl P. Rains (*drains@mofo.com*)
Thomas R. Plummer (*tplummer@mofo.com*)
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Fax: (650) 494-0792

Craig D. Martin (*cmartin@mofo.com*)
Stuart C. Plunkett (*splunkett@mofo.com*)
Kevin A. Calia (*kcalia@mofo.com*)
425 Market Street
San Francisco, California 94105

- 2 -

CASREF, ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:08-cv-03652-BSJ-MHD
# Internal Use Only

Tully et al v. The Charles Schwab Corporation et al    Date Filed: 04/16/2008
Assigned to: Judge Barbara S. Jones    Jury Demand: Plaintiff
Referred to: Magistrate Judge Michael H. Dolinger    Nature of Suit: 850
Cause: 15:78m(a) Securities Exchange Act    Securities/Commodities
    Jurisdiction: Federal Question

## Plaintiff

**Hugh John Tully**    represented by **Daniel W. Krasner**
*Individually.*    Wolf Haldenstein Adler Freeman &
    Herz LLP
    270 Madison Avenue
    New York, NY 10016
    (212) 545-4600
    Fax: (212) 545-4653
    Email: krasner@whafh.com
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

    **Robert B. Weintraub**
    Winston & Winston, P.C
    295 Madison Avenue
    Suite 930
    New York, NY 10017
    (212) 545-4600
    Fax: 212 545-4653
    Email: weintraub@whafh.com
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

## Plaintiff

**Hugh John Tully**    represented by **Daniel W. Krasner**
*on behalf of all others similarly*    (See above for address)
*situated,*    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

A CERTIFIED COPY
J. MICHAEL McMAHON,    **CLERK**
BY
DEPUTY CLERK

    **Robert B. Weintraub**
    (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Penelope Carol Tully**
*Individually.*

represented by **Daniel W. Krasner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Weintraub**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Penelope Carol Tully**
*on behalf of all others similarly
situated,*

represented by **Daniel W. Krasner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Weintraub**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Charles Schwab Corporation**

represented by **Matthew Mark D'Amore**
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
212-468-8000
Fax: 212-903-7820
Email: mdamore@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Schwab Investments,**

represented by **Matthew Mark D'Amore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab & CO. INC.,**                         represented by **Matthew Mark D'Amore**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab Investment**                          represented by **Matthew Mark D'Amore**
**Management, INC.,**                                                  (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles R. Schwab,**                                 represented by **Matthew Mark D'Amore**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Evelyn Dilsaver**                                    represented by **Matthew Mark D'Amore**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Randall W. Merk**                                    represented by **Matthew Mark D'Amore**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**George Pereira**                                     represented by **Matthew Mark D'Amore**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Interested Party**

**Mike Labins**

**Interested Party**

**Peate Group**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/16/2008 | 1 | COMPLAINT against Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. |

| | | |
|---|---|---|
| | | Schwab,. (Filing Fee $ 350.00, Receipt Number 647727)Document filed by Hugh John Tully(Individually.), Hugh John Tully(on behalf of all others similarly situated,), Penelope Carol Tully(Individually.), Penelope Carol Tully(on behalf of all others similarly situated,).(jfe) (Entered: 04/18/2008) |
| 04/16/2008 | ❶ | SUMMONS ISSUED as to Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (jfe) (Entered: 04/18/2008) |
| 04/16/2008 | ❶ | Magistrate Judge Michael H. Dolinger is so designated. (jfe) (Entered: 04/18/2008) |
| 04/16/2008 | ❶ | Case Designated ECF. (jfe) (Entered: 04/18/2008) |
| 04/29/2008 | ❶2 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Schwab Investments, served on 4/18/2008, answer due 5/8/2008. Service was accepted by Robert Skinner, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ❶3 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles R. Schwab, served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett,Counsel. Document filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ❶4 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles Schwab & CO. INC., served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ❶5 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles Schwab Investment Management, INC., served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(on behalf of all others similarly situated,). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ❶6 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Evelyn Dilsaver served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ❶7 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Randall W. Merk served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, |

| | | |
|---|---|---|
| | | Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ●8 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. George Pereira served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | ●9 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. The Charles Schwab Corporation served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/30/2008 | ●10 | AFFIDAVIT OF SERVICE. Service was accepted by Robert Skinner, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●11 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●12 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●13 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●14 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●15 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●16 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | ●17 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 05/05/2008 | ●18 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial ( includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Michael H. |

|  |  |  |
|---|---|---|
|  |  | Dolinger. (Signed by Judge Barbara S. Jones on 5/5/08) (tro) (Entered: 05/05/2008) |
| 05/06/2008 | ●19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Document filed by The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,.(D'Amore, Matthew) (Entered: 05/06/2008) |
| 05/09/2008 | ●20 | STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT AND ORDER: Therefore the parties hereto agree and stipulate, through their respective counsel for record, that defendants' time to respond to the complaint in this action shall be extended until 30 days after the service of a consolidated complaint by lead plaintiff. So Ordered. (Signed by Judge Barbara S. Jones on 5/8/08) (js) (Entered: 05/09/2008) |
| 05/13/2008 | ⌐●21 | MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California*. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/13/2008 | ●22 | DECLARATION of Stuart C. Plunkett in Support re: 21 MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California*.. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/13/2008 | ●23 | MEMORANDUM OF LAW in Support re: 21 MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California*.. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/15/2008 | ●24 | JOINDER to join *FIRST-FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA*. Document filed by Mike Labins.(Nalven, David) (Entered: 05/15/2008) |
| 05/17/2008 | ●25 | NOTICE of Filing Motion to Consolidate, to Appoint Lead Plaintiff and to Approve of Lead Counsel. Document filed by Schwab YieldPlus Investor Group. (Nalven, David) (Entered: 05/17/2008) |
| 05/19/2008 | ●26 | NOTICE of Filing. Document filed by Peate Group. (Alba, Mario) (Entered: 05/19/2008) |

| 06/03/2008 | ●27 | STIPULATION AND ORDER RE: TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA, It is hereby stipulated and agreed, by and between the undersigned attorneys for the respective parties to the above captioned action, that pursuant to 28 U.S.C. 1404(a), this action is transferred to the United States District Court for the Northern District of California. ENDORSEMENT; The court finds that venue would be proper in the Northern District of California, that a transfer should serve the convenience of the parties and witnesses, and that a transfer would promote the interest of justice. (Signed by Judge Barbara S. Jones on 6/3/08) (mme) (Entered: 06/03/2008) |

JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV   3652**

HUGH JOHN TULLY and PENELOPE CAROL
TULLY, on Behalf of Themselves and All Others
Similarly Situated,

08 CIV

                                    Plaintiffs,

            -against-

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES SCHWAB
INVESTMENT MANAGEMENT, INC.,
CHARLES R. SCHWAB, EVELYN DILSAVER,
RANDALL W. MERK, and GEORGE PEREIRA,

                                    Defendants.

CLASS ACTION COMPLAINT
FOR VIOLAITON OF THE
FEDERAL SECURITIES LAWS

APR 16 2008
U.S.D.C. S.D. N.Y.
CASHIERS

JURY TRIAL DEMANDED

        Plaintiffs ("plaintiffs") allege this class action complaint based upon personal knowledge

as to themselves, their own acts and the acts and statements of defendants in which they

participated directly; including the communications with, representations made, and

documentation and information provided to plaintiffs by defendants in the ordinary course of

business, and the investigation of their counsel. Counsels' investigation conducted on plaintiffs'

behalf, included, among other things: (i) an analysis of publicly-available news articles and

reports; (ii) a review and analysis of public filings, including but not limited to Securities and

Exchange Commission filings by defendants; (iii) press releases issued by defendants, and

(iv) other matters of public record. The allegations as to all other matters are based upon

investigation by plaintiffs' attorneys and research of the applicable law with respect to the claims

asserted herein.

## NATURE OF THE ACTION

1.      This is a federal securities class action brought by plaintiffs alleging claims under

Sections 11, 12 and 15 of the Securities Act of 1933 ("Securities Act") against defendants, all of whom are corporations, partnerships or individuals who are members of the Charles Schwab financial services family, as more fully described below, on behalf of a class consisting of those persons who purchased shares of any class of the Schwab YieldPlus Fund (the "Fund") (ticker symbols SWYPX and SWYSX for the two classes) during the period March 18, 2005 through March 18, 2008, inclusive (the "Class Period"), except for defendants, any other affiliates of defendant parent holding company "The Charles Schwab Corporation" (defined below), and the senior executive officers and directors of The Charles Schwab Corporation and/or its affiliates (the "Class").

2. This case arises from the issuance, underwriting and sale by defendants during the Class Period of Fund shares through registration statements, prospectuses, Statements of Additional Information ("SOAIs") and other sales documents which were in effect during the Class Period (collectively "Fund Prospectus Materials") that contained material misstatements and omissions material to the investment risks of buying Fund shares.

3. The Fund was expressly described by defendants as an "ultra short-term bond fund." Defendants marketed the Fund to the public as: a "higher-yield[ing]" alternative to money-market funds; with a "goal" "designed to offer higher yields than a money market fund while seeking minimal changes in share price;" and having an "historical ability to minimize its share price fluctuations." Defendants described the Fund as providing "higher yields on your cash with only marginally higher risk, [and therefore] could be a smart alternative."

4. In fact, the Fund contained materially greater risk than a money market fund, which was not disclosed in the Fund Prospectus Materials. The Fund contained material amounts of highly risky, subprime securities which has caused the Fund to plummet in value

during the current and ongoing "credit crisis."

5.      The Fund's NAV was approximately $9.70 throughout much of the Class Period. The NAV dropped from $9.67 on July 9, 2007 to $7.88 on March 18, 2008, when this action was first filed, an 18.5% decrease.  On April 8, 2008, the Fund's NAV was $6.80, a 29.7% decrease from the July 9, 2007 price.

6.      By comparison, the average loss for this category of fund during the same time period (through March 18, 2008) has been well under 2.0%.

7.      Accordingly, between July 9, 2007 and March 18, 2008, the Fund lost more than $1.1 *billion* in net asset value (even after excluding redemptions from the calculation).

8.      Plaintiffs seek to recover, among other things, damages (including but not limited to rescissory damages) caused to the Class by defendants' violations of Sections 11, 12 and 15 of the Exchange Act.

9.      Plaintiffs are among those who have been injured and damaged by defendants' unlawful conduct.

## JURISDICTION AND VENUE

10.     Plaintiffs bring this action pursuant to §§ 11, 12(a) (2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l and 77o.

11.     This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 78aa) and 28 U.S.C. §§ 1331.

12.     Venue is proper in this District pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b)(3).

13.     The defendants maintain at least ten offices within this District from which they transact and conduct business within this District.

14.     The non-natural person defendants offer for sale and sell Fund shares, which are securities, within this District.

15.     In connection with the acts alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

### Plaintiffs

16.     Plaintiffs Hugh John Tully and Penelope Carol Tully acquired shares of the Fund during the Class Period and pursuant to the Fund Prospectus Materials at issue in this complaint, as set forth in the accompanying certification, and have been damaged thereby.  Plaintiffs purchased their Fund shares directly from defendant "Schwab" (defined below) in its capacity as a retail broker-dealer.  Plaintiffs' initial investment in the Fund was monies from the sale of their home.

### Defendants

17.     The defendants are all affiliated with each other and conduct business under the umbrella of the "Charles Schwab" name, which is one of the largest financial services organizations in the world.

18.     Defendant The Charles Schwab Corporation is the parent company of the Charles Schwab financial services complex.  It is a holding company which engages in securities brokerage, banking and related financial services through its subsidiaries.  The Charles Schwab Corporation is headquartered at 101 Montgomery Street, San Francisco, CA 94104.

19.     Defendant Schwab Investments ("Registrant Schwab Investments") is the

registrant and issuer of the Fund shares under the Securities Act.  Registrant Schwab Investments was organized under the law of Massachusetts on October 26, 1990, and is a Massachusetts Business Trust.  It is headquartered at the same address as The Charles Schwab Corporation.

20.    Non-defendant Schwab YieldPlus Fund is one of a series of funds issued by Registrant Schwab Investments and is part of the Charles Schwab family of funds.  It is an open-ended fund incorporated in the United States.  (For purposes of this action, the Fund is also deemed an issuer of Fund shares.)

21.    As of August 31, 2007, the end of the Fund's last full fiscal year, the Fund had $10.7 billion in net assets.  As of February 29, 2008, the Fund had approximately $5.0 billion in net assets.  As of April 1, 2008, the net assets of the Fund had further shrunk to $1.54 billion.

22.    The Fund has two share classes, Select shares and Investor shares, which are sold pursuant to one prospectus.  For the purpose of this action, there are no material differences between the classes.  (The only difference between the classes concerns the minimum investment amount, $100 for Investor shares and $50,000 for Select shares.)  No distinction between the classes is made in the allegations herein and "Fund" refers collectively to both classes.

23.    Defendant Charles Schwab & Co. Inc. ("Schwab") is the principal operating subsidiary of The Charles Schwab Corporation, and is the principal underwriter for shares of the Fund and the Trust's agent for the purpose of the continuous offering of the Fund's shares.  It is a registered broker-dealer and is headquartered at the same address as The Charles Schwab Corporation.  It is a defendant herein in both capacities, as the principal underwriter of Fund shares and as the principal operating broker-dealer subsidiary of The Charles Schwab Corporation.  Schwab is a wholly-owned subsidiary of The Charles Schwab Corporation.

24.    Defendant Charles Schwab Investment Management, Inc., ("CSIM") is the

investment advisor to the Fund.  As the investment advisor, CSIM oversees the asset management and administration of the Fund.  As compensation for these services, CSIM receives an advisory fee from the Fund, which totaled over $75 million for the four fiscal years through August 31, 2007.  CSIM is headquartered at the same address as The Charles Schwab Corporation.  CSIM is a wholly-owned subsidiary of The Charles Schwab Corporation.

25.    Defendant Charles R. Schwab (hereinafter sometimes "CRS") is the founder, Chairman, Chief Executive Officer and a Director of The Charles Schwab Corporation.  CRS has been Chairman and Trustee of Registrant Schwab Investments and the Fund since 1989. CRS signed each Registration Statement in effect during the Class Period and he authorized their signing by the other Individual Defendants.  The Fund's Registration Statement and Statement of Additional Information state that "[a]s a result of his ownership of and interests in The Charles Schwab Corporation, Mr. Schwab may be deemed to be a controlling person of the investment adviser and Schwab."

26.    Defendant Evelyn Dilsaver was President and Chief Executive Officer ("CEO") of Registrant Schwab Investments and the Fund and signed each Registration Statement in effect during the Class Period from the beginning of the Class Period through November 15, 2006.

27.    Defendant Randall W. Merk has been a Trustee of Registrant Schwab Investments and the Fund since 2005.  He also became President and Chief Executive Officer of Registrant Schwab Investments and the Fund (while remaining as Trustee) in 2007 (after Defendant Dilsaver left those positions).  Defendant Merk signed each Registration Statement in effect during the Class Period.

28.    Defendant George Pereira has been Principal Financial Officer and Treasurer of Registrant Schwab Investments and the Fund since no later than February 2005.  He signed each

Registration Statement in effect since that time.

29.    Excluding CRS, the remainder of the natural person defendants identified above are collectively referred to herein as the "Individual Defendants."

30.    All defendants are collectively referred to as "defendants."

## CLASS ACTION ALLEGATIONS

31.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a Class consisting of those persons who purchased shares of any class of the Fund during the period March 18, 2005 through the March 18, 2008, inclusive, except for defendants, any other affiliates of defendant parent holding company The Charles Schwab Corporation, and the senior executive officers and directors/Trustees of The Charles Schwab Corporation and/or its affiliates.

32.    Plaintiffs seek damages, including but not limited to rescissory damages.

33.    Members of the Class are so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will provide substantial benefits both to the parties and the Court.

34.    As of February 29, 2008, the Fund had approximately $5.0 billion in net assets.

35.    While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through appropriate discovery, plaintiffs believe that there are more than one thousand members of the Class located throughout the United States.

36.    This action is properly maintainable as a class action for the following reasons:

(a)    The class consists of more than one thousand purchasers and is thus so numerous that joinder of all members is impracticable.

(b)    There is a well-defined community of interest among class members in the

questions of law or fact affecting the Class which predominate over questions affecting only individual members.  Those common questions include but are not limited to:

       (i)     Whether statements made by defendants to the investing public in the Fund Prospectus Materials constituted material misstatements and material omissions;

       (ii)     Whether defendants violated the Securities Act through the acts alleged herein and harmed the members of the Class;

       (iii)     Whether each defendant participated in the course of conduct complained of herein; and

       (iv)     Whether plaintiffs and other members of the Class have sustained damages, and the proper measure of damages (rescissory damages or otherwise);

       (c)     The claims asserted by plaintiffs are typical of the claims of class members.

       (d)     Plaintiffs are members of the Class and will fairly and adequately protect the interests of the Class.  They have no interest antagonistic to those of the other class members. Plaintiffs have retained as counsel attorneys who are knowledgeable and experienced in securities litigation, as well as class and complex litigation.

       (e)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

       (i)     Given the size of individual class members' claims, most class members could not afford to seek legal redress individually for the wrongs the defendants committed against them;

       (ii)     When defendants' liability has been adjudicated, claims of all class members can be determined by the Court;

(iii)    This action will cause an orderly and expeditious administration of the class claims and foster economies of time, effort and expense and ensure uniformity of decisions;

(iv)    This action does not present any undue difficulties that would impede its management by the Court as a class action; and

(v)    The names and addresses of the members of the Class can be ascertained from the books and records of defendants or their agents.

**THE MISSTATEMENTS OF MATERIAL FACTS AND MATERIAL OMISSIONS CONTAINED IN THE FUND PROSPECTUS MATERIALS**

37.    The initial Fund Registration Statement and prospectus became effective a number of years prior to the beginning of the Class Period on March 18, 2005.  At that time, defendants began to offer for sale shares of the Fund pursuant to those materials.

38.    The first Registration Statement which was in effect during the Class Period is dated and became effective on November 15, 2004.  Thereafter, defendants filed nearly identical registration statements, SOAIs and prospectuses throughout the Class Period, which were used to offer and sell Fund shares.  Those SEC filings included:  November 15, 2004, December 10, 2004, February 25, 2005, September 2, 2005, November 7, 2005, November 14, 2005, January 23, 2006, February 27, 2006, June 30, 2006, September 5, 2006, September 14, 2006, November 15, 2006, December 15, 2006, February 28, 2007, July 6, 2007, August 31, 2007, September 5, 2007, September 19, 2007, November 14, 2007 and February 27, 2008.

39.    The Fund Prospectus Materials contained numerous material misstatements and statements made materially inaccurate through the omission of material facts. These include the following statements:

THE SCHWAB YIELDPLUS FUND(R) is an ultra short-term bond fund,

designed to offer high current income **with minimal changes in share price**. (prospectus at first page, unnumbered)

The Fund **seeks to keep the average duration of its portfolio at one year or less**. (prospectus at first page, unnumbered)

The [F]und['s goal] seeks high current income **with minimal changes in share price** (prospectus at 2)

To help **maintain share price stability and preserve investor capital**, the fund **seeks to maintain an average portfolio duration of one year or less**. (prospectus at 2)

The fund's investment strategy is designed to offer higher yields than a money market fund **while seeking minimal changes in share price**. (prospectus at 2)

The [F]und **invests primarily in investment-grade securities**. (prospectus at 4)

Investment style risk. **In exchange for seeking minimal fluctuation in share price**, **the fund may offer lower long-term performance** than stock investments or certain other bond investments. (prospectus at 6)

The Schwab YieldPlus Fund is an ultra-short bond fund **that seeks a high degree of share price stability**. **Because of its historical ability to minimize its share price fluctuations**, the fund is less vulnerable to market timing strategies than other types of fixed income or equity mutual funds. (prospectus at 39).

The Fund provided "higher yields on your cash with only marginally higher risk, [and therefore] could be a smart alternative." (emphases added)

40.    During the Class Period (and now), defendants' website stated concerning the

Fund:

The Schwab YieldPlus Fund® is designed with your income needs in mind. The fund's objective is to seek high current income with minimal changes in share price. . . .

The YieldPlus Fund offers:

● Monthly Income—The fund invests in a large, **well-diversified** portfolio of taxable bonds and distributes its income on the last day of each month (emphasis added).

● Low Duration—To minimize changes in share price or NAV, the fund seeks to maintain an average portfolio duration of one-year or less. However, in volatile markets, the fund may experience a higher degree of NAV fluctuation.

● Active Portfolio Management—The fund is actively managed by a seasoned team of taxable bond portfolio managers[1] who are supported by a team of credit and market analysts. The team use[s] a disciplined approach designed to deliver competitive total returns, which has become the foundation of managing Schwab's other fixed income funds.

41.    Each of the above-quoted excerpts contained material misstatements and failed to disclose certain material facts necessary to make the statements not misleading, as set forth below.

42.    The Fund Prospectus Materials omitted to disclose numerous material facts that were required to be disclosed in order to render the statements made therein not materially misleading at the time each was declared effective and thereafter, including but not limited to:

(1)  Defendants failed to disclose and omitted material information that the Fund was concentrated in a single risky industry or market segment, with over 50% of the Fund assets invested in the mortgage industry;

(2)  Defendants failed to disclose and omitted material information that the Fund, in pursuit of higher yields, abandoned its objective of high current income with minimal change in share price.

(3)  Defendants failed to disclose and omitted material information that the Fund, in pursuit of higher yields, abandoned its objective to maintain share price stability and preserve investor capital.

(4)  Defendants failed to disclose and omitted material information that the Fund, in pursuit of higher yields, abandoned its objective of seeking minimal fluctuation in share price;

---

[1] This is a reference to defendant CSIM.  There is a direct link on the Schwab website page to the prospectus which identifies and discusses defendant CSIM.

(5)  Defendants failed to disclose and omitted material information that the duration of a material portion of the bonds in the Fund's portfolio was greater that two years;

(6)  Defendants failed to disclose and omitted material information that there existed no primary market for most of the bonds in the Fund's portfolio, and in fact, the only market was, for many, the issuers themselves;

(7)  Defendants failed to disclose and omitted material information that the asset backed securities in the Fund's portfolio which were backed by mortgages were highly vulnerable to becoming illiquid;

(8)  Defendants failed to disclose and omitted material information that the net asset values of the Fund were materially speculative;

(9)  Defendants failed to disclose and omitted material information that the Fund was not well-diversified;

(10)  Defendants failed to disclose and omitted material information that the Fund's credit and market analysts did not have any real expertise in valuing the mortgage backed securities they purchased, or assessing their risk; and

(11)  Defendants failed to disclose and omitted material information that the Fund relied blindly on the ratings given these securities by the rating agencies who were paid by the bond's issuer.

43.    A reasonable investor would have viewed these undisclosed facts, severally and jointly, as having materially altered the total mix of information available to him or her.  This is so because the potential investor would reasonably think that the facts described herein but never disclosed would cause him or her to undertake a materially increased investment risk in connection with the Fund shares they purchased during the Class Period because the Fund was

investing in securities which were materially more risky than disclosed. Nevertheless, defendants did not disclose the facts in the subparagraphs immediately above in any of the Fund Prospectus Materials which were in effect during the Class Period.

44.    Defendants had a duty to plaintiffs and the Class to disseminate Fund Prospectus Materials that did not contain material misstatements and which disclosed all information about the Fund which would be material to plaintiffs and the Class in their decisions to purchase or sell shares of the Fund.

45.    For example, one independent duty to disclose arose from Form N-1A, the registration and prospectus disclosure form for mutual funds under the Securities Act, which states in relevant part:

> C.  Preparation of the Registration Statement
> 1.  Administration of the Form N-1A requirements: . . . .
> (b)  **The prospectus disclosure requirements in Form N-1A are intended to elicit information for an average or typical investor who may not be sophisticated in legal or financial matters**.  The prospectus should help investors to evaluate the risks of an investment and to decide whether to invest in a Fund by providing a balanced disclosure of positive and negative factors.  Disclosure in the prospectus should be designed to assist an investor in comparing and contrasting the Fund with other funds. . . .
>
> 2.  Form N-1A is divided into three parts:
> (a)  Part A.  Part A includes the information required in a Fund's prospectus under section 10(a) of the Securities Act.  The purpose of the prospectus is to provide essential information about the Fund in a way that will help investors to make informed decisions about whether to purchase the Fund's shares described in the prospectus. (emphasis added).

46.    Defendants were required by Form N-1A to disclose the facts concerning the Fund identified above, which they failed to disclose.

47.    A second independent duty to disclose arose from the materiality of defendants' misstatements and omissions, and that the information that defendants failed to disclose was

material.

48.     Had plaintiffs and the members of the Class known of the facts not disclosed in the Fund Prospectus Materials, they would not have purchased their Fund shares.

49.     The defendants' unlawful conduct allowed them to gain more than $75 million in investment advisory fees.  For the fiscal years ended August 31, 2004, 2005, 2006 and 2007, the Fund paid net investment advisory fees of $7,584,000 (gross fees were reduced by $0), $14,676,000 (gross fees were reduced by $0), $19,899,000 (gross fees were reduced by $0), and $33,797,000 (gross fees were reduced by $2,000), respectively.

**Damages**

50.     The Fund's NAV at the beginning of the Class Period was $9.69 per share.

51.     The Fund's NAV dropped from $9.67 on July 9, 2007 to $7.88 on March 18, 2008, an 18.5% decrease.

52.     On April 8, 2008, the Fund's NAV was $6.80, a 29.7% decrease from the July 9, 2007 price.

53.     Accordingly, between July 9, 2007 and March 18, 2008, the Fund lost more than $1.1 ***billion*** in net asset value (even after excluding redemptions from the calculation).

54.     The Fund's Annual Report stated that its fund category is the Morningstar Ultrashort Bond category, which has lost only 1.87% year 2008 to date (to April 8, 2008) and has lost only 0.81% over the one year period from April 8, 2007 through April 8, 2008, inclusive.

55.     When comparing the results of the Fund with the results of the fund category chosen by the defendants themselves, damages to the Class are in the hundreds of millions of dollars and may well exceed $1 **billion** when compared to the average loss for this category of fund, due to the Class Members' investment in Fund shares as a result of defendants' unlawful

conduct.

56.    Defendants cannot attribute this decrease to general market conditions or the

bursting of the credit market bubble because the facts plead heretofore contradict such a defense.

57.    As of April 1, 2008, the net assets of the Fund had shrunk further to $1.54 billion.

## **Incorporation By Reference**

58.    Since Fund shares (as is the case with mutual fund shares generally) were

continuously offered to the public pursuant to a prospectus and a SOAI during the Class Period,

subsequent prospectuses and SOAIs were routinely filed with the SEC and became effective.

59.    All of the Fund's registration statements, prospectuses, SOAIs, annual reports,

semi-annual reports and N-CSRs, which were in effect or filed at any time during the Class

Period, including but not limited to those cited or quoted from herein, are incorporated herein by

reference.  All other documents, including but not limited to sales literature, which are cited or

quoted from herein, are incorporated by reference.

## **NO SAFE HARBOR**

60.    The statutory safe harbor provided for forward-looking statements under certain

circumstances does not apply to any of the allegedly false statements pleaded in this complaint.

Virtually all of the specific statements pleaded herein were not forward-looking or were not

identified as "forward-looking statements" when made.  To the extent there were any forward-

looking statements upon which plaintiffs base their claims, there were no meaningful cautionary

statements identifying important factors that could cause actual results to differ materially from

those in the purportedly forward-looking statements.  Alternatively, to the extent that the

statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants

are liable for those false forward-looking statements because at the time each of those forward-

looking statements was made, the particular speaker knew that the particular forward-looking

statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of defendants who knew that those statements were false when made.

## COUNT I

### For Violation of § 11 of the Securities Act

61.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

62.     Plaintiffs do not allege that the material omissions and misstatements set forth herein were made intentionally, knowingly or recklessly by defendants.  Rather, the conduct alleged herein was innocent, negligent or grossly negligent.

63.     Plaintiffs do not incorporate in this Count any allegation above to the extent it contains facts which are unnecessary or irrelevant for purposes of stating a claim under Section 11, including that they do not incorporate any allegations that might be interpreted to sound in fraud or that relate to any state of mind on the part of the Section 11 defendants.

64.     At the time of their purchases of Fund shares, plaintiffs and the other members of the Class were without knowledge of the facts concerning the untrue statements or omissions herein.  Plaintiffs could not have reasonably discovered those facts prior to, at the earliest, August 2, 2007.

65.     The action was brought within one year after the discovery of the material misstatements and material omissions and within three years after the Fund shares were offered to the public through the Fund Prospectus Materials.

66.     With respect to this claim for liability under Section 11 of the Securities Act, the defendants are:  Registrant Schwab Investments (the issuer of the shares sold pursuant to the Fund Prospectus Materials), Schwab as the principal underwriter of the Fund's share offering, CRS and the Individual Defendants (each as a signatory to at least one Registration Statement which was in effect during the Class Period).

67.     Registrant Schwab Investments and Schwab participated in the preparation of, issued, caused to be issued and/or participated in the issuance of the registration statements, prospectuses and SOAIs, each of which was inaccurate and contained material misstatements or omitted to disclose, <u>inter alia</u>, certain material facts necessary to make the statements made not misleading, as set forth herein.

68.     CRS and the Individual Defendants each (a) participated in the preparation of, caused to be issued and/or participated in the issuance of the registration statements, prospectuses and SOAIs, and (b) signed at least one Registration Statement in effect during the Class Period which was inaccurate and contained material misstatements or omitted to disclose, <u>inter alia</u>, certain material facts necessary to make the statements made not misleading, as set forth herein.

69.     Schwab was the underwriter of the Fund's shares.

70.     Plaintiffs allege that all statutory affirmative defenses available to only underwriter defendant Schwab under Sections 11 and 12 (concerning which the defendant underwriter bears the burden of proof) are not available to the underwriter defendant in this action because the underwriter defendant herein is a "captive" underwriter (as well as the principal operating subsidiary of The Charles Schwab Corporation), inextricably entwined with their issuer because all are wholly-owned, directly or indirectly, by the Charles Schwab financial services complex.  Further, even if available to the underwriter defendant, they are affirmative defenses which that defendant must plead and prove and which plaintiffs need not allege. Nevertheless, plaintiffs address the underwriter affirmative defenses below.

71.     While the following concerns an affirmative defense which can be raised by Schwab only (as underwriter), and concerning which it bears the burden of proof, nevertheless,

plaintiffs allege that Schwab did not make a reasonable investigation, did not possess reasonable grounds to believe, and did not believe, that the statements contained in the Fund Prospectus Materials were true, were without omissions of any material facts and were not misleading. Schwab participated in the preparation of the Fund Prospectus Materials, and was required to investigate with due diligence the representations contained therein to confirm that they did not contain material misstatements or omit to state material facts, but Schwab did not perform this investigation with due diligence.

72.    Plaintiffs and the other members of the Class purchased Fund shares in the continuous offering (which makes all shares in and of themselves traceable to the offering).

73.    Although not required to be alleged with respect to this claim because it is an affirmative defense to be alleged and proven by defendants, nevertheless, plaintiffs allege that they and the other members of the Class purchased their Fund shares as a direct and proximate result of, and without knowledge of, the material misstatements and omissions in the Fund Prospectus Materials.  Had plaintiffs and the other members of the Class known of the omitted material facts, plaintiffs and the other members of the Class would not have purchased or otherwise acquired shares of the Fund.

74.    As a direct and proximate result of defendants' unlawful conduct as alleged herein, plaintiffs and the other members of the Class suffered substantial damages in connection with their purchases of Fund shares during the Class Period in an amount of at least hundreds of millions of dollars.

75.    By virtue of the foregoing, Registrant Schwab Investments, Schwab (as underwriter), CRS and the Individual Defendants each violated Section 11 of the Securities Act and is liable to plaintiffs and the other members of the Class, in an amount to be proved at trial.

## COUNT II

### For Violation of § 12(a)(2) of the Securities Act

76.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

77.    Plaintiffs do not allege that the material omissions and misstatements set forth herein were made intentionally, knowingly or recklessly by defendants.  Rather, the conduct alleged herein was innocent, negligent or grossly negligent.

78.    Plaintiffs do not incorporate in this Count any allegation above to the extent it contains facts which are unnecessary or irrelevant for purposes of stating a claim under Section 12, including that they do not incorporate any allegations that might be interpreted to sound in fraud or that relate to any state of mind on the part of the Section 12 defendants, other than strict liability or negligence.

79.    The action was brought within one year after the discovery of the material misstatements and material omissions and within three years after the Fund shares were offered to the public through the relevant Fund Prospectus Materials.

80.    With respect to this claim for liability under Section 12 of the Securities Act, the defendants are all defendants:  The Charles Schwab Corporation; Registrant Schwab Investments; Schwab (in both its capacities as principal operating subsidiary and as underwriter); CSIM; CRS and the Individual Defendants.

81.    Each of these defendants was a seller, offeror, and/or solicitor of purchases of Fund shares for their own financial benefit, or, even if a sale was solicited by one of these defendants without financial benefit to itself, then that defendant solicited the purchase for the financial benefit of its' parent company or affiliate.

82.    Defendants' acts of selling, offering and of solicitation included but were not limited to the preparation of the materially misleading Fund Prospectus Materials disseminated

to public investors.

83.     The Charles Schwab Corporation advertises its proprietary mutual funds, including the Fund, on (among other places) its website under the generic name "Charles Schwab" and also under the name "Charles Schwab & Co. Inc."  Charles Schwab Investment Management, Inc. is also mentioned on the defendants' website.  Any revenues received by The Chares Schwab Corporation's subsidiaries and affiliates are to its ultimate financial benefit.

84.     Schwab as broker-dealer sells Fund shares through its stockbrokers for its own financial benefit.

85.     Registrant Schwab Investments solicited purchases of Fund shares for its own financial benefit; or, even if solicited by Registrant without financial benefit to itself, then Registrant solicited the purchases for the financial benefit of The Charles Schwab Corporation, the Fund, Schwab (as both principal operating subsidiary and underwriter) and CSIM.

86.     Schwab, as underwriter, solicited purchases of Fund shares for its own financial benefit; or, even if solicited by Schwab without financial benefit to itself, then Schwab solicited the purchases for the financial benefit of The Charles Schwab Corporation, Registrant Schwab Investments, the Fund, Schwab as principal operating subsidiary and CSIM.

87.     CSIM solicited purchases of Fund shares for its own financial benefit; or, even if solicited by CSIM without financial benefit to itself, then that defendant solicited the purchases for the financial benefit of The Charles Schwab Corporation, Registrant Schwab Investments, the Fund, and Schwab as both principal operating subsidiary and underwriter.

88.     CRS solicited purchases of Fund shares for his own financial benefit; or, even if solicited by CRS without financial benefit to himself, then that defendant solicited the purchases for the financial benefit of The Charles Schwab Corporation, Registrant Schwab Investments, the

Fund, and Schwab as both principal operating subsidiary and underwriter.

89.    The Individual Defendants solicited purchases of Fund shares for their own financial benefit; or, even if solicited by each of them without financial benefit to themselves, then that defendant solicited the purchases for the financial benefit of The Charles Schwab Corporation, Registrant Schwab Investments, the Fund, Schwab as both principal operating subsidiary and underwriter, and CRS.

90.    The Fund Prospectus Materials contained misstatements of material facts and omitted to state other facts necessary to make the statements made not misleading.

91.    While the following concerns an affirmative defense which can be raised by defendants, and concerning which each of them bears the burden of proof, nevertheless, plaintiffs allege that each of these defendants cannot prove that it:  (a) did not know of such material misstatement or omission and (b) in the exercise of reasonable care could not have known of such material misstatement or omission.

92.    Plaintiffs and the other members of the Class purchased in the continuous offering (which makes all shares in and of themselves traceable to the offering).

93.    Plaintiffs purchased their Fund shares pursuant to the Fund Prospectus Materials, and without knowledge of the material misstatements and omissions in the Fund Prospectus Materials.

94.    As a direct and proximate result of defendants' unlawful conduct as alleged herein, plaintiffs and the other members of the Class suffered substantial damages in connection with their purchases of Fund shares during the Class Period, in an amount of at least hundreds of millions of dollars.

95.    By virtue of the foregoing, each defendant on this Count has violated Section

12(a)(2) of the Securities Act and is liable to plaintiffs and the other members of the Class, in an amount to be proved at trial.

96.    Plaintiffs, individually and representatively, hereby elect to rescind and tender those securities that plaintiffs and the other members of the Class continue to own, in return for the consideration paid for those securities together with interest thereon (less the amount of any income received thereon).  Plaintiffs and members of the Class who have sold their Fund shares are entitled to rescissory damages.

**COUNT III**

**For Control Person Liability Under § 15 of the Securities Act**

97.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

98.    Plaintiffs do not allege that the material omissions and misstatements set forth herein were made intentionally, knowingly or recklessly by defendants.  Rather, the conduct alleged herein was innocent, negligent or grossly negligent.

99.    With respect to this claim for control person liability under Section 15 of the Securities Act, 15 U.S.C. § 77o, the defendants are The Charles Schwab Corporation; Schwab (in its capacity as principal operating subsidiary); Registrant Schwab Investments; CRS, and the Individual Defendants.

**The Charles Schwab Corporation as Control Person**

100.    The Charles Schwab Corporation is a controlling person of Schwab (in both its capacities as retail broker-dealer and underwriter), Registrant Schwab Investments, the Fund and CSIM:  through stock ownership and otherwise; because it either controlled the dissemination of the Fund Prospectus Materials; had and exercised the power and influence to cause all of the other defendants to engage in the conduct complained of herein, and had the power to cause some or all of the other defendants to refrain from the conduct complained of herein.

101.    Defendants Schwab and CSIM are each wholly-owned subsidiaries of The Charles Schwab Corporation.

102.    The Charles Schwab Corporation also is a control person of Registrant Schwab Investments and the Fund because CRS is the founder, Chairman, Chief Executive Officer and a Director of The Charles Schwab Corporation; chairman of Schwab, and Chairman and Trustee of Registrant Schwab Investments.

**Schwab as Control Person**

103.    Schwab also is a control person of Registrant Schwab Investments, the Fund and CSIM because Schwab is the principal operating subsidiary of The Charles Schwab Corporation; CRS is chairman of Schwab, and defendants Merk and Dilsaver each were an Executive Vice President of Schwab while each was President and CEO of Registrant Schwab Investments and the Fund.

104.    Schwab is a controlling person of Registrant Schwab Investments, the Fund and CSIM because Schwab either controlled the dissemination of the Fund Prospectus Materials; had and exercised the power and influence to cause some or all of the other defendants to engage in the conduct complained of herein, and had the power to cause some or all of the other defendants to refrain from the conduct complained of herein.

105.    Schwab is a controlling person of Registrant Schwab Investments, the Fund and CSIM because (although an affiliate and not a parent of Registrant Schwab Investments, the Fund and CSIM), Schwab, as the principal operating subsidiary (of the Charles Schwab Corporation) which is a full-service broker-dealer, controlled the dissemination of the Fund Prospectus Materials; had and exercised the power and influence to cause some or all of the other defendants to engage in the conduct complained of herein, and had the power to cause some or

all of the other defendants to refrain from the conduct complained of herein.

106.    Schwab as the principal operating subsidiary of The Charles Schwab Corporation had sufficient direct and supervisory involvement in the operations of Registrant Schwab Investments, the Fund and CSIM to, as a practical matter, control the conduct of these affiliates. Therefore, Schwab is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

**CRS and the Individual Defendants as Control Persons**

107.    CRS is a control person of The Charles Schwab Corporation, Schwab, Registrant Schwab Investments, the Fund and CSIM because CRS is the founder, Chairman, Chief Executive Officer and a Director of The Charles Schwab Corporation; chairman of Schwab, and Chairman and Trustee of Registrant Schwab Investments.

108.    In addition, the Fund's Registration Statement and Statement of Additional Information state that "[a]s a result of his ownership of and interests in The Charles Schwab Corporation, Mr. Schwab may be deemed to be a controlling person of [CSIM] and Schwab."

109.    CRS was a culpable participant in the violations of §§ 11 and 12 of the Securities Act alleged in the Counts above, based on his having signed and authorized the signing of the Registration Statement and having otherwise participated in the process for the issuance, distribution, offer and sale of Fund shares.

110.    Each of the Individual Defendants was a control person of Registrant Schwab Investments and the Fund by virtue of his or her position as a Trustee and senior officer of Registrant Schwab Investments and the Fund.

111.    Each of the Individual Defendants was a culpable participant in the violations of §§ 11 and 12 of the Securities Act alleged in the Counts above, based on their having signed and

authorized the signing of the Registration Statements and having otherwise participated in the process for the issuance, distribution, offer and sale of Fund shares.

112.    As set forth above, The Charles Schwab Corporation; Schwab (in its capacity as principal operating subsidiary); Registrant Schwab Investments; CRS, and the Individual Defendants, each is a control person of at least one primary violator of Section 11 -- Registrant Schwab Investments, Schwab (as underwriter), CRS, and each of the Individual Defendants.  By virtue of their positions as controlling persons of a primary violator, each of these defendants is also liable pursuant to Section 15 of the Securities Act.

113.    As set forth above, The Charles Schwab Corporation; Schwab (in its capacity as principal operating subsidiary); Registrant Schwab Investments; CRS, and the Individual Defendants, each is a control person of at least one primary violator of Section 12 -- The Charles Schwab Corporation; Registrant Schwab Investments; Schwab (in both its capacities as principal operating subsidiary and as principal underwriter); CSIM; CRS, and the Individual Defendants. By virtue of their positions as controlling persons of a primary violator, each of these defendants is also liable pursuant to Section 15 of the Securities Act.

114.    While the following concerns an affirmative defense that can be raised by only these control person defendants, and concerning which they bear the burden of proof, nevertheless, plaintiffs allege that each of these defendants, as a controlling person, cannot prove that it:  (a) had no knowledge of the existence of the facts by reason of which the liability of the controlled person is alleged to exist; or (b) had no reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

115.    As a direct and proximate result of these defendants' wrongful conduct, plaintiffs and other members of the Class suffered damages in connection with their purchases of shares of

the Fund during the Class Period.

116.    The Charles Schwab Corporation; Schwab (in its capacity as principal operating subsidiary); Registrant Schwab Investments; CRS, and each of the Individual Defendants each violated Section 15 of the Securities Act, and each is liable to plaintiffs and the other members of the Class, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and on behalf of the Class, pray for judgment as follows:

A.    Declaring this action to be a proper class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and certifying plaintiffs as class representatives of the Class and their counsel as Class counsel;

B.    Against defendants, jointly and severally, for damages suffered as a result of defendants' violations of the Securities Act, and/or awarding rescission under Section 12 of the Securities Act against defendants jointly and severally;

C.    Awarding plaintiffs and the other members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees and expert witness fees and other costs and expenses; and

D.    Granting such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: April 16, 2008

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By: _Robert B. Weintraub_
Daniel W. Krasner (DK 6381)
Robert B. Weintraub (RW 2897)
270 Madison Avenue
New York, NY 10016
Telephone (212) 545-4600
Attorneys for Plaintiffs Hugh John Tully and
Penelope Carol Tully

Of Counsel:
Salon, Marrow, Dyckman
  & Newman LLP
John Paul Fulco (JF 2168)
292 Madison Avenue
New York, NY  10017
(212) 661-7100

506210v11

## PLAINTIFFS' CERTIFICATION

Hugh John Tully and Penelope Carol Tully ("Plaintiffs") each declare under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiffs have reviewed the complaint and authorized the commencement of an action on Plaintiffs' behalf.

2.    Plaintiffs did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3.    Plaintiffs are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiffs' transactions in Schwab YieldPlus Fund securities during the Class Period specified in the Complaint are as follows:

| Date | # of Shares Purchased | # of Shares Sold | Price |
|------|-----------------------|------------------|-------|

*See attached sheets.*

5.    During the three years prior to the date of this Certificate, Plaintiffs have not sought to serve or served as a representative party for a class in an action filed under the federal securities laws. [Or, Plaintiffs have served as a class representative in the action(s) listed below:]

6.    Plaintiffs will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiffs' pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

Each of us declare under penalty of perjury that the foregoing is true and correct. Executed this _14th_ day of April, 2008.

_____          _____
Hugh John Tully                                      Penelope Carol Tully

Schwab Yield Plus Fund

| Name | Date Puchased | # Shares | Price | Date Sold | # Shares | Price |
|---|---|---|---|---|---|---|
| SWYPX | 6/27/2006 | 468.227 | 9.66 | 8/22/2007 | 1,021.213 | 9.45 |
| | 6/30/2006 | 0.337 | 9.66 | 8/20/2007 | 1,020.438 | 9.45 |
| | 7/31/2006 | 1.961 | 9.66 | | | |
| | 8/31/2006 | 2.081 | 9.67 | | | |
| | 9/29/2006 | 2.131 | 9.67 | | | |
| | 10/31/2006 | 2.018 | 9.68 | | | |
| | 11/30/2006 | 2.107 | 9.68 | | | |
| | 12/29/2006 | 2.195 | 9.69 | | | |
| | 1/31/2007 | 2.057 | 9.69 | | | |
| | 2/28/2007 | 2.055 | 9.69 | | | |
| | 3/30/2007 | 2.194 | 9.69 | | | |
| | 4/4/2007 | 516.407 | 9.69 | | | |
| | 4/4/2007 | 1,003.218 | 9.69 | | | |
| | 4/30/2007 | 3.933 | 9.69 | | | |
| | 4/30/2007 | 3.721 | 9.69 | | | |
| | 5/31/2007 | 4.461 | 9.68 | | | |
| | 5/31/2007 | 4.457 | 9.68 | | | |
| | 6/29/2007 | 4.57 | 9.67 | | | |
| | 6/29/2007 | 4.566 | 9.67 | | | |
| | 7/31/2007 | 4.479 | 9.62 | | | |
| | 7/31/2007 | 4.476 | 9.62 | | | |
| SWYSX | 8/19/2005 | 10,625.121 | 9.68 | 1/8/2007 | 1,032 | 9.69 |
| | 8/19/2005 | 42,460.345 | 9.68 | 4/3/2007 | 1,032 | 9.69 |
| | 8/31/2005 | 11.595 | 9.68 | 8/21/2007 | 2500 | 9.46 |
| | 8/31/2005 | 46.339 | 9.68 | 8/22/2007 | 42242.107 | 9.45 |
| | 9/30/2005 | 38.122 | 9.67 | 8/27/2007 | 15,646.739 | 9.44 |
| | 9/30/2005 | 118.51 | 9.67 | | | |
| | 9/30/2005 | 33.839 | 9.67 | | | |
| | 10/31/2005 | 35.621 | 9.66 | | | |
| | 10/31/2005 | 142.337 | 9.66 | | | |
| | 10/31/2005 | 0.013 | 9.66 | | | |
| | 11/23/2005 | 1,373.159 | 9.65 | | | |
| | 11/25/2005 | 2,220.276 | 9.65 | | | |

Schwab Yield Plus Fund

| | | |
|---|---|---|
| 11/30/2005 | 41.011 | 9.65 |
| 11/30/2005 | 156.354 | 9.65 |
| 12/30/2005 | 58.138 | 9.65 |
| 12/30/2005 | 174.102 | 9.65 |
| 1/31/2006 | 52.971 | 9.66 |
| 1/31/2006 | 158.627 | 9.66 |
| 2/28/2006 | 53.687 | 9.66 |
| 2/28/2006 | 160.781 | 9.66 |
| 3/31/2006 | 62.794 | 9.66 |
| 3/31/2006 | 188.045 | 9.66 |
| 4/28/2006 | 55.925 | 9.67 |
| 4/28/2006 | 167.476 | 9.67 |
| 5/31/2006 | 62.505 | 9.66 |
| 5/31/2006 | 187.181 | 9.66 |
| 6/30/2006 | 68.153 | 9.66 |
| 6/30/2006 | 204.088 | 9.66 |
| 7/31/2006 | 63.547 | 9.66 |
| 7/31/2006 | 190.298 | 9.66 |
| 8/31/2006 | 67.413 | 9.67 |
| 8/31/2006 | 201.877 | 9.67 |
| 9/29/2006 | 69.081 | 9.67 |
| 9/29/2006 | 206.868 | 9.67 |
| 10/31/2006 | 65.446 | 9.68 |
| 10/31/2006 | 195.982 | 9.68 |
| 11/30/2006 | 68.196 | 9.68 |
| 11/30/2006 | 204.219 | 9.68 |
| 12/29/2006 | 71.28 | 9.68 |
| 12/29/2006 | 213.458 | 9.68 |
| 1/31/2007 | 66.698 | 9.69 |
| 1/31/2007 | 196.239 | 9.69 |
| 2/28/2007 | 66.549 | 9.69 |
| 2/28/2007 | 194.766 | 9.69 |
| 3/30/2007 | 71.185 | 9.69 |
| 3/30/2007 | 208.338 | 9.69 |
| 4/30/2007 | 65.527 | 9.69 |
| 4/30/2007 | 187.685 | 9.69 |
| 5/31/2007 | 70.247 | 9.68 |

Schwab Yield Plus Fund

| | | |
|---|---|---|
| 5/31/2007 | 200.88 | 9.68 |
| 6/29/2007 | 71.963 | 9.67 |
| 6/29/2007 | 205.778 | 9.67 |
| 7/31/2007 | 70.529 | 9.62 |
| 7/31/2007 | 201.682 | 9.62 |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern    District of    New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: **08 CV 3652**

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within   **thirty (30)**   days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

APR 16 2008

DATE

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 4/21/08 |
| NAME OF SERVER (*PRINT*) Robert B. Weintraub | TITLE Of Counsel, Wolf Haldenstein *for plaintiffs* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:
Pursuant to written agreement with Ropes + Gray,

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    4/28/08
        *Date*

        Robert B. Weintraub
        *Signature of Server*

        Wolf Haldenstein, for plaintiffs
        270 Madison Ave NY NY 10016
        *Address of Server*

by Robert Skinner, Esq., counsel for Defendant Schwab Investments, only ("Schwab Investments"), service was effected by email and constituted good service as of April 21, 2008. See attached email from Schwab Investments' counsel.
Robert B. Weintraub 4/28/08

## Weintraub, Bob

**From:** Skinner, Robert [Robert.Skinner@ropesgray.com]
**Sent:** Monday, April 21, 2008 4:02 PM
**To:** Weintraub, Bob
**Subject:** RE: Schwab YieldPlus Fund, SDNY action, service papers

We will accept service on behalf of Schwab Investments.

I look forward to working with you on agreeing to a mutually agreeable date for responding to the complaint.

I do not know what arrangements have been made in any of the other cases regarding a response date, and I have not had time to find out since receiving your request at 10:00 p.m. last night.

Regards,


**Robert A. Skinner**
**ROPES & GRAY LLP**
T 617-951-7560 | F 617-235-0434
One International Place
Boston, MA 02110-2624
Robert.Skinner@ropesgray.com
www.ropesgray.com

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** Monday, April 21, 2008 3:26 PM
**To:** Skinner, Robert
**Subject:** RE: Schwab YieldPlus Fund, SDNY action, service papers

You are incorrect in your email.
MoFo accepted service unqualifiedly, and then asked in the same email that we reach agreement on a response date. I just received that request yesterday by email (contrary to MoFo's offhand statement in yesterday's email that we had briefly discussed the issue on Friday -- which was not the case). I have not yet responded to the MoFo request. The MoFo email did not state what has been agreed to in the other similar litigations which have been filed, and neither do you. I don't even know if you accepted service in the other litigations, let alone agreed on a response date. Since I don't know what has occurred in the other actions, I want to take this step by step. Given the fact that actions have been commenced in various Districts, I am sure that WHAFH will take a position on a response date which you will find reasonable, but that does not have to be agreed to in the context of service.
Since you have not agreed to accept service unqualifiedly, as did MoFo, we will serve Schwab Investments today in San Francisco. As soon as I send you this email, I will call you. But, if I can't reach you, we will go ahead and serve. I am simply trying to keep the time frames for the various groupings of defendants close together.
Thank you.

---

**From:** Skinner, Robert [mailto:Robert.Skinner@ropesgray.com]
**Sent:** Monday, April 21, 2008 2:23 PM
**To:** Weintraub, Bob
**Cc:** Bodner, Randall W.
**Subject:** RE: Schwab YieldPlus Fund, SDNY action, service papers

Mr. Weintraub,

We are authorized to accept and/or waive service on behalf of Schwab Investments, and will agree to do so on the condition that Schwab Investments will have 60 days to respond to the complaint as provided under Fed. R. Civ. P. 4(d). I understand that this is consistent with the arrangement between plaintiffs and the other defendants.  If this is incorrect and/or if plaintiffs are unwilling to provide Schwab Investments with 60 days to respond to the complaint, please let me know immediately.  Thank you.

Regards,

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

**Robert A. Skinner**
**ROPES & GRAY LLP**
T 617-951-7560 | F 617-235-0434
One International Place
Boston, MA 02110-2624
Robert.Skinner@ropesgray.com
www.ropesgray.com

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** Sunday, April 20, 2008 10:10 PM
**To:** Bodner, Randall W.; Skinner, Robert
**Subject:** Schwab YieldPlus Fund, SDNY action, service papers
**Importance:** High

We represent the plaintiffs in another Schwab YieldPlus Fund action, filed last week in the SDNY. Stuart Plunkett of MoFo told me you represent Schwab Investments. (He represents all other defendants in our action.) After Fed Exing all papers to our process server in San Francisco, which arrived at the process server  last  Friday morning SF time, I emailed the papers to Stuart last Friday.  Stuart agreed to accept service by email on behalf of his clients effective as of last Friday.

I attach hereto a set of the same papers for you.  Enclosed herewith are:  the  complaint, plaintiffs' certification, summons, civil cover sheet, Judge Jones' rules, Judge Dolinger's rules and electronic case filing information which is attached to Judge Jones' rules.
Since the papers have been with the process server since last Friday morning San Francisco time, and the other defendants were served as of Friday, please email me no later than 3 p.m. New York time Monday a short, unambiguous email that the documents enclosed herewith constitute completed service as if your client has been served effective Monday April 21, 2008. Thank you.
Otherwise, I will tell the process server to effect service. (If you accept service  by email , as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to

your San Francisco  office.)

Thank you.

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
Tel: 212 545-4689 (direct)
212 545-4600 (main)
Fax: 212 545-4653

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 6 2008

CLERK                                              DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 4/18/08 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Robert B. Weintraub | Of Counsel Wolf Haldenstein for plaintiffs. |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: *Pursuant to written agreement with Morrison & Foerster*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | — |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4/28/08    *Robert B. Weintraub*
Date              Signature of Server

*Wolf Haldenstein for plaintiffs*
*270 Madison Ave NY NY 10016.*
Address of Server

*by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

| | |
|---|---|
| **From:** | Plunkett, Stuart C. [SPlunkett@mofo.com] |
| **Sent:** | Sunday, April 20, 2008 5:37 PM |
| **To:** | Weintraub, Bob |
| **Subject:** | RE: SchwabYP, service |

Bob,

Thanks for your message. I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira. This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date. I suggest that we set the response date as June 17, which is 60 days from the date of service. That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service. I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service. You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008. Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service. (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement. Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
       212 545-4600 (main)
Fax:  212 545-4653

=====================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=====================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=====================================================================

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 6 2008

CLERK

DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 4/18/08 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Robert B. Weintraub | Of Counsel Wolf Haldenstein for plaintiffs. |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Pursuant to written agreement with Morrison + Foerster,

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | — |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4/28/08
_____
Date

Robert B. Weintraub
_____
Signature of Server

Wolf Haldenstein for plaintiffs
270 Madison Ave NY NY 100___16.
_____
Address of Server

by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

**From:**    Plunkett, Stuart C. [SPlunkett@mofo.com]
**Sent:**    Sunday, April 20, 2008 5:37 PM
**To:**    Weintraub, Bob
**Subject:** RE: SchwabYP, service

Bob,

Thanks for your message. I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira. This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date. I suggest that we set the response date as June 17, which is 60 days from the date of service. That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service. I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service. You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008. Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service. (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement. Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
        212 545-4600 (main)
Fax:  212 545-4653

========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
========================================================================

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within __thirty (30)__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 6 2008

CLERK

(By) DEPUTY CLERK

DATE

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me (1) | DATE 4/18/08 |
|---|---|

NAME OF SERVER (PRINT) *Robert B. Weintraub*    TITLE *Of Counsel Wolf Haldenstein for plaintiffs.*

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *Pursuant to written agreement with Morrison & Foerster*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL — |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *4/28/08*    *Robert B. Weintraub*
Date    Signature of Server

*Wolf Haldenstein for plaintiffs*
*270 Madison Ave NY NY 10016.*
Address of Server

*by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

**From:**     Plunkett, Stuart C. [SPlunkett@mofo.com]
**Sent:**      Sunday, April 20, 2008 5:37 PM
**To:**        Weintraub, Bob
**Subject:** RE: SchwabYP, service

Bob,

Thanks for your message.  I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira.  This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date.  I suggest that we set the response date as June 17, which is 60 days from the date of service.  That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service.  I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service.  You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008.  Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service.  (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement.  Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
        212 545-4600 (main)
Fax:  212 545-4653

===========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
===========================================================================

4/28/2008

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 6 2008

CLERK

DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me (1) | DATE 4/18/08 |
|---|---|

NAME OF SERVER (PRINT) *Robert B. Weintraub*    TITLE *Of Counsel Wolf Haldenstein for plaintiffs.*

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *Pursuant to written agreement with Morrison & Foerster*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL — |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *4/28/08*        Signature of Server *Robert B. Weintraub*
          Date

*Wolf Haldenstein for plaintiffs*
*270 Madison Ave NY NY 10016.*
          Address of Server

*by Stuart C. Plunkett, Esq, counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

| | |
|---|---|
| **From:** | Plunkett, Stuart C. [SPlunkett@mofo.com] |
| **Sent:** | Sunday, April 20, 2008 5:37 PM |
| **To:** | Weintraub, Bob |
| **Subject:** | RE: SchwabYP, service |

Bob,

Thanks for your message.  I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira.  This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date.  I suggest that we set the response date as June 17, which is 60 days from the date of service.  That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service.  I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service.  You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008.  Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service.  (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement.  Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
        212 545-4600 (main)
Fax:  212 545-4653

=================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=================================================================

4/28/2008

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Sauro_

(By) DEPUTY CLERK

DATE     APR 1 6 2008

## RETURN OF SERVICE

| | | |
|---|---|---|
| Service of the Summons and complaint was made by me [1] | DATE | 4/18/08 |

| | | |
|---|---|---|
| NAME OF SERVER (*PRINT*) Robert B. Weintraub | TITLE | Of Counsel Wolf Haldenstein for plaintiffs. |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Pursuant to written agreement with Morrison + Foerster,

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | — |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   4/28/08   _____   Robert B. Weintraub
               Date          Signature of Server

Wolf Haldenstein for plaintiffs
270 Madison Ave NY NY 100██16.
Address of Server

by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

**From:** Plunkett, Stuart C. [SPlunkett@mofo.com]
**Sent:** Sunday, April 20, 2008 5:37 PM
**To:** Weintraub, Bob
**Subject:** RE: SchwabYP, service

Bob,

Thanks for your message. I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira. This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date. I suggest that we set the response date as June 17, which is 60 days from the date of service. That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service. I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service. You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008. Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service. (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement. Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
       212 545-4600 (main)
Fax:  212 545-4653

========================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
========================================================================

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within  thirty (30)  days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

APR 1 6 2008

DATE

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 4/18/08 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Robert B. Weintraub | Of Counsel Wolf Haldenstein for plaintiffs |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Pursuant to written agreement with Morrison + Foerster,

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | — |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 4/28/08
_____
Date

Robert B. Weintraub
_____
Signature of Server

Wolf Haldenstein for plaintiffs
270 Madison Ave NY NY 10016.
_____
Address of Server

by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

**From:** Plunkett, Stuart C. [SPlunkett@mofo.com]
**Sent:** Sunday, April 20, 2008 5:37 PM
**To:** Weintraub, Bob
**Subject:** RE: SchwabYP, service

Bob,

Thanks for your message.  I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira.  This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date.  I suggest that we set the response date as June 17, which is 60 days from the date of service.  That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service.  I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts.  Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service.  You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008.  Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service.  (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement.  Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
        212 545-4600 (main)
Fax:  212 545-4653

=================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

=================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
=================================================================

4/28/2008

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern    District of    New York

HUGH JOHN TULLY and PENELOPE CAROL TULLY,
on Behalf of Themselves and All Others
Similarly Situated,

V.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES
SCHWAB INVESTMENT MANAGEMENT,
INC., CHARLES R. SCHWAB, EVELYN
DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 08 CV 3652

JUDGE JONES

TO: (Name and address of Defendant)

THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO.
INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA
101 Montgomery Street,
San Francisco, CA 94104

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel W. Krasner, Robert B. Weintraub
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    APR 1 6 2008

CLERK                                                           DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me [1] | DATE  4/18/08 |

NAME OF SERVER (*PRINT*)  Robert B. Weintraub    TITLE  Of Counsel Wolf Haldenstein for plaintiffs.

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Pursuant to written agreement with Morrison & Foerster,

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | — |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   4/28/08
_____     _____
Date                                       Signature of Server

Wolf Haldenstein for plaintiffs
270 Madison Ave NY NY 10016.
_____
Address of Server

by Stuart C. Plunkett, Esq., counsel for all defendants other than Schwab Investments, service was effected by e-mail and constituted good service as of April 18, 2008. See attached email from defendants' counsel. Robert B. Weintraub 4/28/08

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Weintraub, Bob**

---

**From:**    Plunkett, Stuart C. [SPlunkett@mofo.com]
**Sent:**    Sunday, April 20, 2008 5:37 PM
**To:**    Weintraub, Bob
**Subject:** RE: SchwabYP, service

Bob,

Thanks for your message.  I am authorized to accept service on behalf of The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira.  This confirms that the documents you sent on Friday constituted good service on these defendants as of that date.

Schwab Investments is represented by Randy Bodner and Rob Skinner of Ropes and Gray.

As we briefly discussed on Friday, I would like to agree on a response date.  I suggest that we set the response date as June 17, which is 60 days from the date of service.  That is the amount of time defendants would be given under Fed. R. Civ. P. 4(d)(3) if we had formally waived service of process rather than accept service.  I also think setting a 60-day period makes sense in light of the procedural considerations generated by the pendency of multiple actions pending in three different district courts. Please let me know if that is acceptable to you.

Regards,

Stuart

---

**From:** Weintraub, Bob [mailto:weintraub@whafh.com]
**Sent:** April 19, 2008 5:24 PM
**To:** Plunkett, Stuart C.
**Subject:** SchwabYP, service

Stuart,
Before we talked on Friday, you had left a message that you did not have the authority to accept service. Later, when we talked, you said that in the interim you had learned that your firm had received your clients' authority to accept service.  You said you were busy on an emergency, but that you would email me, probably on Saturday, that the documents you received from me in the two emails I sent you on Friday constituted good service.

Please email me no later than 11 a.m. New York time Monday a short unambiguous email that the documents I sent you Friday in the two emails constitutes completed service as if each of your clients had been served effective Friday April 18, 2008.  Thank you.

Otherwise, since the process server has had the papers since Friday morning San Francisco time, I will tell the process server to effect service.  (If you accept service, as a separate courtesy, I will also have the process server deliver a hard copy set of the papers to your office.)

Second, on the identity of the Ropes & Gray attorney representing Schwab Investments, John M. Loder, Esq. is listed as the R&G contact for Schwab Investments on a recent registration statement.  Is he the attorney?

Thank you.
Bob

Robert B. Weintraub
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York  10016
Tel:  212 545-4689 (direct)
       212 545-4600 (main)
Fax:  212 545-4653

======================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

======================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
======================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Hugh John Tully and Penelope Carol Tully, et al
                    Plaintiffs,


              -against-


The Charles Schwab Corp., et al
                    Defendants.
-------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:                               │
│ DATE FILED:     5|5|08               │
└─────────────────────────────────────┘
```

ORDER OF REFERENCE
TO A MAGISTRATE JUDGE

08 Civ. 3652(BSJ) (MHD)

          The above entitled action is referred to the designated Magistrate Judge for the following
purpose(s):

_X__    General Pretrial (includes scheduling,
        discovery, non-dispositive pretrial motions,
        and settlement)

____    Consent under 28 U.S.C. §636(c) for all
        purposes (including trial)

____    Specific Non-Dispositive Motion/Dispute:*
        _____
        _____

____    Consent under 28 U.S.C.§636(c) for
        limited purpose (e.g., dispositive motion,
        preliminary injunction)

        Purpose:_____

        If referral is for discovery disputes when
        the District Judge is unavailable, the time
        period of the referral:_____

____    Habeas Corpus

____    Social Security

_       Settlement*

____    Inquest After Default/Damages Hearing

____    Dispositive Motion (i.e., motion requiring
        a Report and Recommendation)

        Particular Motion:_____
        _____

        All such motions: ____

---

* Do not check if already referred for general pretrial.
SO ORDERED.
DATED: New York, New York

_____
United States District Judge

5/5/08

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| vs. | Case No. 08-CV-3652 (BSJ) |
| THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, | **RULE 7.1 DISCLOSURE STATEMENT** |
| Defendants. | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel to defendants The Charles Schwab Corporation, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., and Schwab Investments, state as follows:

1.     The Charles Schwab Corporation is the parent corporation of Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., and Schwab Investments.

2.     The Charles Schwab Corporation is a publicly traded company. No publicly held corporation owns 10% or more of the stock of The Charles Schwab Corporation.

Dated: May 6, 2008                              MORRISON & FOERSTER LLP

___/s Matthew D'Amore_____

Matthew D'Amore (*mdamore@mofo.com*)
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 468-8000
Fax: (212) 468-7900

Darryl P. Rains (*drains@mofo.com*)
Thomas R. Plummer (*tplummer@mofo.com*)
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Fax: (650) 494-0792

Craig D. Martin (*cmartin@mofo.com*)
Stuart C. Plunkctt (*splunkett@mofo.com*)
Kevin A. Calia (*kcalia@mofo.com*)
425 Market Street
San Francisco, California 94105
Tel.: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants The Charles Schwab*
*Corporation, Charles Schwab & Co. Inc., Charles*
*Schwab Investment Management, Inc., Schwab*
*Investments, Charles R. Schwab, Evelyn Dilsaver,*
*Randall W. Merk and George Pereira*

Jones/J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

HUGH JOHN TULLY and PENELOPE CAROL
TULLY, on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

          vs.

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES
SCHWAB & CO. INC., CHARLES SCHWAB
INVESTMENT MANAGEMENT, INC.,
CHARLES R. SCHWAB, EVELYN DILSAVER,
RANDALL W. MERK and GEORGE PEREIRA,

                    Defendants.

Case No. 08-CV-3652 (BSJ)


**STIPULATION EXTENDING TIME
TO RESPOND TO COMPLAINT
AND [PROPOSED] ORDER**

WHEREAS, this action was filed on April 16, 2008, asserting claims against defendants

under Section 11, Section 12(a) and Section 15 of the Securities Act of 1933;

WHEREAS, seven other actions have been filed since March 18, 2008, involving

identical claims and substantially overlapping parties and those actions are pending in the United

States District Courts for the Northern District of California and the District of Massachusetts;

WHEREAS, the parties understand that all of these actions will be consolidated into a

single action, after which a lead plaintiff will be designated and a consolidated complaint will be

filed;

WHEREAS, the parties agree that defendants should respond only to the consolidated

complaint filed by lead plaintiff and not to the individual complaints in the related actions;

WHEREAS, defendants' response date in this action is currently May 8, 2008, and this is

the first request made for an extension of time; and

ny-811963

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/08

WHEREAS, the parties agree that, by entering into this stipulation, defendants have not waived any objection they may have with respect to personal jurisdiction in this Court or in any court in which one of the related actions is pending,

THEREFORE THE PARTIES HERETO AGREE AND STIPULATE, through their respective counsel of record, that defendants' time to respond to the complaint in this action shall be extended until 30 days after the service of a consolidated complaint by lead plaintiff.

SO STIPULATED.

Dated: May 7, 2008

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

Robert B. Weintraub / by mil

Daniel W. Krasner (DK 6381)
(krasner@whafh.com)
Robert B. Weintraub (RW 2897)
(weintraub@whafh.com)
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

*Attorneys for Plaintiffs Hugh John Tully and Penelope Carol Tully*

Dated: May 2, 2008

MORRISON & FOERSTER LLP

Matthew D'Amore (MD 8229)
(mdamore@mofo.com)
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 468-8000
Fax: (212) 468-7900

Darryl P. Rains (drains@mofo.com)
Thomas R. Plummer (tplummer@mofo.com)
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Fax: (650) 494-0792

- 2 -

ny-811963

Craig D. Martin (*cmartin@mofo.com*)
Stuart C. Plunkett (*splunkett@mofo.com*)
Kevin A. Calia (*kcalia@mofo.com*)
425 Market Street
San Francisco, California 94105
Tel.: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants The Charles Schwab
Corporation, Charles Schwab & Co. Inc., Charles
Schwab Investment Management, Inc., Schwab
Investments, Charles R. Schwab, Evelyn Dilsaver,
Randall W. Merk and George Pereira*

SO ORDERED:

Barbara S. Jones, U.S.D.J.

5/8/08

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                           :

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on behalf of themselves and all others similarly situated, <br><br>          Plaintiffs, <br><br>     -against- <br><br> THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA, <br><br>          Defendants. | Case No. 08-CV-3652 (BSJ) (MHD) <br><br><br><br> **DEFENDANTS' NOTICE OF MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA** |

------------------------------------------------------------ x

       PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendants' Motion to Transfer to the Northern District of California, the Declaration of Stuart C. Plunkett in Support of Defendants' Motion to Transfer Action to the Northern District of California, and upon all prior proceedings had herein, defendants The Charles Schwab Corporation, Schwab Investments, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira, by and through their attorneys, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, hereby move the Court, before the Honorable Barbara S. Jones, United States District Judge, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 620, New York, New York 10007, for an order transferring this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Dated:    New York, New York
          May 13, 2008

                          MORRISON & FOERSTER LLP


                          By:   /s Matthew M. D'Amore
                          Matthew M. D'Amore
                          (*mdamore@mofo.com*)
                          1290 Avenue of the Americas
                          New York, New York 10104
                          Tel: (212) 468-8000
                          Fax: (212) 468-7900

                          Darryl P. Rains (*drains@mofo.com*)
                          Thomas R. Plummer (*tplummer@mofo.com*)
                          755 Page Mill Road
                          Palo Alto, CA 94304
                          Tel.: (650) 813-5600
                          Fax: (650) 494-0792

                          Craig D. Martin (*cmartin@mofo.com*)
                          Stuart C. Plunkett (*splunkett@mofo.com*)
                          Kevin A. Calia (*kcalia@mofo.com*)
                          425 Market Street
                          San Francisco, CA 94105
                          Tel.: (415) 268-7000
                          Fax: (415) 268-7522

                          *Attorneys for Defendants The Charles
                          Schwab Corporation, Charles Schwab &
                          Co. Inc., Charles Schwab Investment
                          Management, Inc., Schwab Investments,
                          Charles R. Schwab, Evelyn Dilsaver,
                          Randall W. Merk and George Pereira*

TO:

Daniel W. Krasner
(*krasner@whafh.com*)
Robert B. Weintraub
(*weintraub@whafh.com*)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

*Attorneys for Plaintiffs Hugh John Tully and*
*Penelope Carol Tully*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>    -against-<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARELS SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, andGEORGE PEREIRA,<br><br>     Defendants. | Case No.  08-CV-3652 (BSJ)(MHD)<br><br>**CERTIFICATE OF SERVICE** |

   I, Matthew M. D'Amore, hereby certify that on Tuesday, May 13, 2008, true and correct copies of the attached documents, in the above captioned proceeding, were served electronically in accordance with the Federal Rules of Civil Procedure and the SDNY Procedures for Electronic Case Filing, upon:

Daniel W. Krasner (*krasner@whafh.com)*
Robert B. Weintraub (*weintraub@whafh.com*)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

Dated: May 13, 2008
   New York, New York

MORRISON & FOERSTER LLP

By: _/s Matthew M. D'Amore_____
   Matthew M. D'Amore
   (*mdamore@mofo.com*)
   1221 Avenue of the Americas
   New York, New York 10020
   Tel: (212) 468-8000
   Fax: (212) 468-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

|  |  |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>    -against-<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, and GEORGE PEREIRA,<br><br>        Defendants. | Index No.  08 CV 3652<br>Hon. Barbara S. Jones<br><br>**DECLARATION OF STUART C. PLUNKETT IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA** |

-------------------------------------------------------------------x

I, STUART C. PLUNKETT, declare as follows:

1.      I am an attorney licensed to practice law in the State of California.  I am a partner in the law firm of Morrison & Foerster LLP, counsel for defendants in this action.  I submit this Declaration in Support of Defendants' Motion to Transfer to the Northern District of California. I make this Declaration based on personal knowledge, except for those matters stated on information and belief.  If called as a witness, I would testify to the facts set forth below.

2.      This action is one of eight actions that have been filed in federal district courts since March 18, 2008, regarding the Schwab YieldPlus Fund.  All of the actions assert identical claims and name substantially identical parties.

3.      Five of the actions are pending in the Northern District of California, including the first-filed action (*Labins v. The Charles Schwab Corporation et al.*, Case No. CV-08-01510, which was filed on March 18, 2008, and assigned to the Honorable William Alsup in the San Francisco Division.  On April 28, 2008, the other four actions pending in the Northern District of California were related to the *Labins* action and assigned to Judge Alsup:  *Hageman v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01733; *Glasgow v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01936; *Flanzraich v. The Charles Schwab Corporation, et al.*, Case No. CV-08-01994; and *Vinayak R. Pai Defined Benefits Pension Plan v. The Charles Schwab Corporation, et al.*, Case No. CV-08-02058.

4.      The other two actions were filed in the District of Massachusetts: *Bohl v. The Charles Schwab Corporation et al.*, Case No. CV-08-10593, and *Coleman v. The Charles Schwab Corporation et al.*, Case No. CV-08-10626.  Defendants are moving to transfer these cases to the Northern District of California on the same grounds presented in the motion before this Court.

2

5.    On information and belief, based on a review of publicly available information, plaintiffs Hugh John Tully and Penelope Carol Tully reside in Beaufort, South Carolina.

6.    All of the individual defendants named in this action live and work in or near San Francisco, California.

7.    In paragraph 13 of the complaint, the plaintiffs allege that "defendants maintain at least ten offices within" the Southern District of New York. These offices are all retail locations that are unrelated to the YieldPlus Fund or to any of the allegations in the complaint. Schwab maintains 300 such retail locations across the country, including in the Northern District of California.

8.    Many present and former Schwab employees are, or have been, involved in the management of the fund at some point during the proposed class period. These potential non-party witnesses include fund trustees, managers, analysts, compliance personnel, and the Schwab employees involved in drafting the fund's prospectuses and registrations statements. Nearly all of these witnesses reside in or around San Francisco. I am not aware of any percipient witnesses likely to be deposed in this case who resides in New York.

9.    Nearly all of the documents that are relevant to the plaintiffs' claims are located at Schwab's headquarters in San Francisco or with the individual defendants, who reside in or around San Francisco.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2008 in San Francisco, California.

Stuart C. Plunkett

sf-2505298

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>      -against-<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARELS SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, andGEORGE PEREIRA,<br><br>            Defendants. | Case No.  08-CV-3652 (BSJ)(MHD)<br><br>**CERTIFICATE OF SERVICE** |

I, Matthew M. D'Amore, hereby certify that on Tuesday, May 13, 2008, true and correct copies of the attached documents, in the above captioned proceeding, were served electronically in accordance with the Federal Rules of Civil Procedure and the SDNY Procedures for Electronic Case Filing, upon:

Daniel W. Krasner (*krasner@whafh.com*)
Robert B. Weintraub (*weintraub@whafh.com*)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

Dated: May 13, 2008
      New York, New York

MORRISON & FOERSTER LLP

By:  _/s Matthew M. D'Amore_____
     Matthew M. D'Amore
     (*mdamore@mofo.com*)
     1221 Avenue of the Americas
     New York, New York 10020
     Tel: (212) 468-8000
     Fax: (212) 468-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

HUGH JOHN TULLY and PENELOPE CAROL
TULLY, on Behalf of Themselves and All Others
Similarly Situated,

                        Plaintiffs,

              -against-

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES SCHWAB
& CO. INC., CHARLES SCHWAB INVESTMENT
MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA,

                    Defendants.

------------------------------------------------------------------ x

Case No.  08-CV-3652 (BSJ) (MHD)

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
TO THE NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT .................................................................................................................. 3

I.     THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE
POWER TO SUBPOENA NON-PARTY WITNESSES, FAVOR TRANSFER ............ 5

II.    THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY SUPPORT A
TRANSFER .................................................................................................................... 7

III.   PLAINTIFFS' FORUM CHOICE IS NOT ENTITLED TO DEFERENCE .................... 8

CONCLUSION ............................................................................................................... 9

Defendants The Charles Schwab Corporation, Schwab Investments, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira move for transfer of this action to the Northern District of California pursuant to 28 U.S.C § 1404(a).

## INTRODUCTION

This securities class action should not have been filed in this district. This district is tremendously inconvenient for the defendants and witnesses. It bears no relation to the underlying events alleged in the complaint. And it conflicts with five other nearly-identical cases now pending in San Francisco.

This case instead belongs in the Northern District of California. The corporate defendants — The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles Schwab Investment Management, Inc. — are headquartered there. All of the individual defendants reside in or near San Francisco. In addition, virtually all of the key non-party witnesses reside in or near San Francisco, and so are subject to that court's subpoena power. The vast majority of the documentary evidence is also located in San Francisco.

And that is not all. The Northern District of California also has the greatest interest in adjudicating the claims alleged in this action. Plaintiffs' complaint asserts that a nationwide class of investors in the Schwab YieldPlus Fund was misled by statements allegedly contained in the Fund's registration statements and prospectuses. The fund, of course, was managed out of Schwab's offices in San Francisco, and its prospectuses and registration statement were all prepared there. Moreover, five other class actions alleging the same facts and claims — including the first-filed one — are pending in the Northern District of California and have been related before a single judge.

On these facts, plaintiffs' choice of forum is not entitled to deference. The plaintiffs themselves do not live in New York — they are from South Carolina. They purport to represent a class of investors residing, not just in New York, but all across the country. The plaintiffs' only apparent contact with New York is through their counsel, who can and does litigate cases across the country.

For the convenience of the parties and witnesses, and in the interests of justice, this action should be transferred to the Northern District of California.

## FACTUAL BACKGROUND

The Parties. The plaintiffs in this action — Hugh John Tully and Penelope Carol Tully — reside in South Carolina. (Plunkett Decl. ¶ 5.) They do not claim to have any connection to New York other than through their counsel. (*See* Compl. ¶¶ 10-16.) They seek to represent a class of investors who purchased shares of the Schwab YieldPlus Fund (*id.* ¶ 31), an ultra-short duration fixed income mutual fund. Members of the putative class live all over the United States. (*Id.* ¶ 35.)

The corporate defendants are The Charles Schwab Corporation, its broker-dealer subsidiary — Charles Schwab & Co., Inc. — and Charles Schwab Investment Management, Inc., which is the investment advisor to the fund. All are headquartered in San Francisco, including defendant Schwab Investments. (Compl. ¶¶ 18, 19, 23, 24.)[1]

---

[1] The complaint alleges that "defendants maintain at least ten offices within this District" (Compl. ¶ 13), but those are retail offices that have nothing to do with the YieldPlus Fund or with any of plaintiffs' allegations. They are among the more than 300 retail locations maintained by Schwab throughout the country. (Plunkett Decl. ¶ 7.)

The complaint names four individual defendants — Charles R. Schwab, Randall Merk, George Pereira, and Evelyn Dilsaver.  All are present or former officers or trustees of the fund, and all live and work in or near San Francisco.  (*Id.* ¶¶ 25-28; Plunkett Decl. ¶ 6.)

The Non-Party Witnesses.  Many present and former Schwab employees are, or have been, involved in the management of the fund at some point during the proposed class period.  These potential non-party witnesses — fund trustees, managers, analysts, compliance personnel, and the Schwab employees involved in drafting the fund's prospectuses and registration statements — are, almost without exception, located in or around San Francisco, and thus are subject to the subpoena power of the Northern District of California.  (Plunkett Decl. ¶ 8.)  To our knowledge, none of the likely percipient witnesses is located in New York.  (*Id.* ¶ 8.)

The Documents.  Nearly all of the defendants' documents are located at Schwab's headquarters in San Francisco or with the individual defendants (also in or around San Francisco).  (*Id.* ¶ 9.)  To the extent the plaintiffs have relevant documents in their possession, those documents likely are at their homes in South Carolina.

The Other Class Actions.  Eight class actions alleging the same facts and claims have been filed relating to Schwab's YieldPlus Fund.  (*Id.* ¶ 2.)  Five of them — including the first-filed action — were filed in the Northern District of California.  (*Id.* ¶ 3.)  Those actions have now been related before a single judge.  (*Id.*)  Two other actions were filed in the District of Massachusetts.  (*Id.* ¶ 4.)  Defendants will be filing venue transfer motions to have the two Massachusetts actions transferred to the Northern District of California.  (*Id.*)

**ARGUMENT**

Section 1404(a) says a case may be transferred to another venue if (1) venue would be proper in the proposed new court, (2) a transfer would serve "the convenience of parties and witnesses," and (3) a transfer would promote "the interests of justice."  28 U.S.C. § 1404(a).

-3-

Courts have broad discretion to transfer based on these factors. *Langley Partners, L.P. v. Tripath Tech., Inc.*, No. 05-5255, 2005 U.S. Dist. LEXIS 23004, at *3 (S.D.N.Y. Oct. 6, 2005); *Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 399-400 (S.D.N.Y. 1998). In exercising its discretion, a court should consider the convenience of the parties and witnesses, the location of relevant documents, the availability of process to compel the attendance of non-party witnesses, the interests of justice and trial efficiency, and the plaintiff's choice of forum. *Filmline (Cross-Country) Prod., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989); *Nematron*, 30 F. Supp. 2d at 400.

All these factors indicate that this case should be transferred to the Northern District of California. Venue is proper there.[2] San Francisco is more convenient for the parties and witnesses. The relevant documents are there. The court there has power to subpoena the likely non-party witnesses. And justice and judicial economy will be served because the alleged events occurred there and five cases alleging the same facts and claims are already on file there.

The only other factor — plaintiffs' choice of forum — is, on these facts, not entitled to deference. Plaintiffs do not live in New York and seek to represent a nationwide class of investors. The convenience of plaintiffs' counsel is not entitled to consideration in a nationwide class action of this sort and cannot outweigh all the other factors supporting a transfer.

---

[2] Venue is proper in any district where (1) the defendant is found, resides, or transacts business, or (2) any act or transaction constituting the alleged violation occurred. *See* 15 U.S.C. § 78aa; 15 U.S.C. § 77v(a). Here, all of the defendants are located in California, and the acts alleged in the complaint occurred in California.

## I.    THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE POWER TO SUBPOENA NON-PARTY WITNESSES, FAVOR TRANSFER

Under Section 1404(a), "the convenience of the party and non-party witnesses" is often "the most important factor in the decision whether to grant a motion for transfer." *Clay Paky, S.p.A. v. Vari-Lite, Inc.*, Nos. 99-11401 & 99-11402, 2000 U.S. Dist. LEXIS 9802, at *21-22 (S.D.N.Y. July 12, 2000). *Accord Willowbrook Found, Inc. v. Visiting Nurse Ass'n*, 87 F. Supp. 2d 629, 636 (E.D. Miss. 2000) ("the most significant factor to consider when passing on a motion to transfer . . . is the convenience of the party and non-party witnesses"); *Frasca v. Yaw*, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) ("convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether a transfer should be granted"). In assessing the convenience of the parties and witnesses, the "logical starting point" is a consideration of their place of residence. *U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992).

The Northern District of California is easily the most convenient forum for the parties. All of the individual defendants reside in or near San Francisco, where they have active professional lives and family commitments. Because plaintiffs have brought several causes of action against numerous defendants on the basis of multiple challenged statements, it is likely that the trial of this action will last several weeks. The defendants should not, without compelling reason, be forced to defend themselves away from their families and jobs for such a long period of time. *See Levine v. Fin. Programs, Inc.*, 318 F. Supp. 952, 954 (S.D.N.Y. 1969) (litigation in distant forum would "greatly inconvenience[]" individual defendants and "force [them] to be absent from their required tasks and families"); *see also Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) (transferring action where company's senior management resided in California); *JM Computer Servs., Inc. v. Schlumberger Tech., Inc.*, 886 F.

Supp. 358, 358-59 (S.D.N.Y 1995) (transferring action because "most of the personnel

responsible for [defendant's business] practices are located in its headquarters" in the Northern

District of California").

The Northern District of California is also the most convenient forum for non-party

witnesses. Many current and former Schwab employees were and are involved in managing the

YieldPlus Fund. Virtually all of those employees live and work in and around San Francisco.

Courts recognize that, in securities class actions, "the greatest sources of evidence must be the

defendants and their employees." *Dutchen* v. *Ecological Sci. Corp.,* 54 F.R.D. 493, 496

(S.D.N.Y. 1971). Courts in this district thus regularly grant motions to transfer securities actions

where the company and its officers and employees are located in another district. *See, e.g.*,

*Langley Partners*, 2005 U.S. Dist. LEXIS 23004, at *8 (transferring securities case to California

where issuer located); *In re Nematron*, 30 F. Supp. 2d at 402 ("is well known that trials in

securities class actions focus almost entirely on the defendants' conduct").

These non-party witnesses are largely subject to process in the Northern District of

California, which means they could be compelled to attend and testify in person at trial. "When

more potential witnesses are within the subpoena power of the proposed transferee venue than

the transferor venue, this factor weighs in favor of transfer." *Frene N.V. v. Kmart Corp.*, No. 96-

9585, 1998 U.S. Dist. LEXIS 11572, at *14 (S.D.N.Y. July 29, 1998); *see also Billing v.

Commerce One, Inc.*, 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002) ("The availability of process to

compel the testimony of important witnesses is an important consideration in transfer motions");

*Blass v. Capital Int'l Sec. Group*, No. 99-5738, 2001 U.S. Dist. LEXIS 3504, at *17 (E.D.N.Y.

Mar. 23, 2001) (transfer of action to venue encompassing defendant's headquarters and key

witnesses "would avoid or reduce the dimensions of these [subpoena-related] problems"); *Arrow*

*Elecs. v. Ducommun, Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989) (ability to compel testimony of witnesses "weighs heavily in favor of transfer").

Securities class actions frequently require large productions of documents, and the location of those documents is an important convenience factor. *Berman*, 30 F. Supp. 2d at 657 (transfer ordered to district where defendants' documents located; "the relative convenience and lower cost of a trial . . . strongly weighs in favor of transferring this action"); *JM Computer*, 886 F. Supp. at 358-59. Schwab maintains its records and electronic data in San Francisco, at its corporate headquarters. (Plunkett Decl. ¶ 9.) Thus, the vast majority of the relevant documents are located in the Northern District of California.

The convenience of the parties and witnesses, the availability of process to compel non-party witnesses' attendance at trial, and the location of relevant documents, all favor transfer to the Northern District of California.

## II.    THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY SUPPORT A TRANSFER

The interests of justice and judicial economy also favor transfer to the Northern District of California. The acts and representations alleged in plaintiffs' complaint largely occurred in San Francisco, where the YieldPlus Fund is managed. Thus, the Northern District of California has the greatest interest in adjudicating plaintiffs' claims.

Judicial efficiency also would be enhanced, because "[t]rying all the related actions in California is far more efficient than allowing separate actions to proceed in New York and California." *Berman*, 30 F. Supp. 2d at 660 ("[t]he pendency of related litigation [in the transferee district] is well recognized as a very important factor in deciding a transfer motion"); *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads

to the wastefulness of time, energy and money that Section 1404(a) was designed to prevent"

(*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960))).  *See Factors Etc.,*

*Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) (possibility that transfer would allow

related actions to be consolidated in transferee forum favored consolidation).

　　　　Transfer to the Northern District of California would also "prevent duplicative litigation

and avoid the risk of inconsistent results."  *Berman*, 30 F. Supp. 2d at 660; *National Super*

*Spuds, Inc. v. New York Mercantile Exchange*, 425 F. Supp. 665, 667 (S.D.N.Y. 1977).  Five

nearly identical cases are already pending in San Francisco and have been assigned to one judge.

Sending this case to that court, where it could be consolidated with the pending actions, will

prevent duplicative and inconsistent litigation.[3]

　　　　Transfer to the Northern District of California will thus promote the interests of justice

and trial efficiency.

### III.　　PLAINTIFFS' FORUM CHOICE IS NOT ENTITLED TO DEFERENCE

　　　　While, in some circumstances, plaintiffs' choice of forum is entitled to deference, those

circumstances do not exist in a nationwide class action where the chosen forum bears no

connection to the events in litigation.  *See In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995)

("the plaintiffs choice of forum is a less significant consideration in a ... class action than in an

---

[3] The "first-to-file" rule also suggests that the Northern District of California should hear all the cases.  The "first-to-file" rule holds that priority should be given to the district where the first action was filed.  *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).  A party seeking to overcome the first-to-file rule must show that "there are special circumstances which justify giving priority to the second action."  *Exxon*, 932 F.2d at 1025 (internal quotation omitted); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (first filed suit should have priority "absent a showing of a balance of convenience or special circumstances giving priority to the second [suit]").

individual action"); *Clay Paky*, 2000 U.S. Dist. LEXIS 9802, at * 23 ("plaintiff's choice 'is accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum.'" (*quoting Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996))); *Federman Assocs. v. Paradigm Med. Indus.*, No. 96-8545, 1997 U.S. Dist. LEXIS 23685, at * 6-7 (S.D.N.Y. Apr. 8, 1997).

That is especially true where, as here, the plaintiffs do not live in this district.  *See Lighting World v. Birchwood Lighting*, 2001 U.S. Dist. LEXIS 16981, *14-15 (S.D.N.Y. Oct. 12, 2001) (plaintiff's choice of forum not entitled to deference where plaintiff did not reside in New York).

## CONCLUSION

Plaintiffs' decision to file in this district reflects no apparent rationale.  It is not justified by any of the factors used to determine whether transfer is appropriate under 28 U.S.C. § 1404(a).  Rather, those factors overwhelming favor transfer to the Northern District of California.  Although deference might in some cases be accorded to a plaintiff's choice of a forum, in this case it should not stand in the way of a transfer of this action, in the interests of justice and the convenience of all concerned, to the Northern District of California.

Dated:    New York, New York
          May 13, 2008

                     MORRISON & FOERSTER LLP

                     By:   /s Matthew M. D'Amore
                     Matthew M. D'Amore
                     (*mdamore@mofo.com*)
                     1290 Avenue of the Americas
                     New York, New York 10104
                     Tel: (212) 468-8000
                     Fax: (212) 468-7900

Darryl P. Rains (*drains@mofo.com*)
Thomas R. Plummer (*tplummer@mofo.com*)
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Fax: (650) 494-0792


Craig D. Martin (*cmartin@mofo.com*)
Stuart C. Plunkett (*splunkett@mofo.com*)
Kevin A. Calia (*kcalia@mofo.com*)
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk and George Pereira*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated, | Case No.  08-CV-3652 (BSJ)(MHD) |
| | **CERTIFICATE OF SERVICE** |
| Plaintiffs, | |
| -against- | |
| THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARELS SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, andGEORGE PEREIRA, | |
| Defendants. | |

I, Matthew M. D'Amore, hereby certify that on Tuesday, May 13, 2008, true and correct

copies of the attached documents, in the above captioned proceeding, were served electronically

in accordance with the Federal Rules of Civil Procedure and the SDNY Procedures for

Electronic Case Filing, upon:

Daniel W. Krasner (*krasner@whafh.com*)
Robert B. Weintraub (*weintraub@whafh.com*)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

Dated: May 13, 2008
New York, New York

MORRISON & FOERSTER LLP

By:  _/s Matthew M. D'Amore_____
Matthew M. D'Amore
(*mdamore@mofo.com*)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 468-8000
Fax: (212) 468-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf Themselves and All Others Similarly Situated, | Case No. 08-cv-3652 (BSJ) (MHD) |
| Plaintiffs, | |
| v. | |
| THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA | |
| Defendants. | |

**FIRST-FILED PLAINTIFF MIKE LABINS JOINDER IN DEFENDANTS'
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff, Mike Labins, filed the first complaint in a series of substantially identical cases against the above named defendants on March 18, 2008 in the Northern District of California. Since that time, seven additional cases have been filed including this case. First-filed plaintiff, Mr. Labins, respectfully joins in the motion to transfer this case to the Northern District of California. Mr. Labins agrees that this matter should be transferred to the Northern District of California where the majority of the related cases are on file, the bulk of the witnesses and evidence are located and where Mr. Labins filed the first case.

Dated: May 15, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____/s/ David S. Nalven_____
          DAVID S. NALVEN

One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
davidn@hbsslaw.com

- 1 -

010036-12 239609 V1

Steve Berman
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Counsel for Plaintiff Mike Labins

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf Themselves and All Others Similarly Situated, | Case No. 08-cv-3652 (BSJ) (MHD) |
| | CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| v. | |
| THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA | |
| Defendants. | |

I, David S. Nalven, hereby certify that on Thursday, May 15, 2008, true and correct copies of the attached document, in the above-captioned proceeding, were served electronically in accordance with the Federal Rules of Civil Procedure and the S.D.N.Y. Procedures for Electronic Case filing, upon:

Daniel W. Krasner (krasner@whafh.com)
Robert B. Weintraub (weintraub@whafh.com)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

Matthew M. D'Amore (mdamore@mofo.com)
Morrison & Foerster LLP
1221 Avenue of the Americas
New York, NY 10020

Dated:  May 15, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____/s/ David S. Nalven_____
                DAVID S. NALVEN

One Main Street, 4th Floor
Cambridge, MA 02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
davidn@hbsslaw.com

- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf Themselves and All Others Similarly Situated, | Case No. 08-cv-3652 (BSJ) (MHD) |
| | NOTICE OF FILING |
| Plaintiffs, | |
| v. | |
| THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA | |
| Defendants. | |

Please take notice that on May 16, 2008, in the United States District Court for the Northern District of California, the YieldPlus Investor Group filed a motion to consolidate, to appoint the YieldPlus Investor Group as Lead Plaintiff and to approve the Proposed Lead Plaintiff's selection of counsel.

Dated: May 16, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

                                       By:  _____/s/ David S. Nalven_____
                                              DAVID S. NALVEN

                                       One Main Street, 4th Floor
                                       Cambridge, MA 02142
                                       Telephone:  (617) 482-3700
                                       Facsimile:  (617) 482-3003
                                       davidn@hbsslaw.com

                                       Steve Berman
                                       HAGENS BERMAN SOBOL SHAPIRO, LLP
                                       1301 Fifth Avenue, Suite 2900
                                       Seattle, WA 98101
                                       Telephone: (206) 623-7292
                                       Facsimile: (206) 623-0594
                                       steve@hbsslaw.com

- 1 -

Reed R. Kathrein
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

Counsel for Lead Plaintiff Movant
The YieldPlus Investor Group

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARLES SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK and GEORGE PEREIRA<br><br>Defendants. | Case No. 08-cv-3652 (BSJ) (MHD)<br><br>CERTIFICATE OF SERVICE |

I, David S. Nalven, hereby certify that on Thursday, May 16, 2008, true and correct copies of the attached document, in the above-captioned proceeding, were served electronically in accordance with the Federal Rules of Civil Procedure and the S.D.N.Y. Procedures for Electronic Case filing, upon:

Daniel W. Krasner (krasner@whafh.com)
Robert B. Weintraub (weintraub@whafh.com)
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

Matthew M. D'Amore (mdamore@mofo.com)
Morrison & Foerster LLP
1221 Avenue of the Americas
New York, NY 10020

Dated:  May 16, 2008

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____ /s/ David S. Nalven _____
DAVID S. NALVEN

One Main Street, 4th Floor
Cambridge, MA 02142
Telephone:  (617) 482-3700
Facsimile:  (617) 482-3003
davidn@hbsslaw.com

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ──────────────────── x | | |
| HUGH JOHN TULLY, et al., On Behalf of Themselves and All Others Similarly Situated, | : : : | Civil Action No. 1:08-cv-03652-BSJ-MHD |
| Plaintiffs, | : : | CLASS ACTION |
| vs. | : : : | NOTICE OF FILING |
| THE CHARLES SCHWAB CORPORATION, et al., | : : : | |
| Defendants. | : : | |
| ──────────────────── x | | |

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

Currently, there are four related actions pending in three different jurisdictions: (i) one action pending in this Court; (ii) two actions pending in the District of Massachusetts; and (iii) one action pending in the Northern District of California (collectively, the "Actions"). The Actions are brought on behalf of all those who purchased or otherwise acquired Schwab YieldPlus Funds Investor Shares or Schwab YieldPlus Funds Select Shares (collectively, the "YieldPlus Shares") from The Charles Schwab Corporation ("Charles Schwab" or the "Company") between March 17, 2005 and March 28, 2008, inclusive (the "Class Period") and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Class members Garfield Peate, Mark Verge and Malkit Singh, Power of Attorney for Jameet K. Singh (collectively, the "Peate Group"), by their counsel, hereby notify this Court that they have made a motion for appointment as Lead Plaintiff under Section 27 of the Securities Act; and approval of their selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") as Lead Counsel in the District of Massachusetts and in the Northern District of California.

DATED:  May 19, 2008                    COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD
                                        MARK S. REICH
                                        MARIO ALBA JR.


                                        _____
                                                /s/ *Mario Alba Jr.*
                                              MARIO ALBA JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
SEAN M. HANDLER
STEVEN D. RESNICK
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

DYER & BERENS LLP
JEFFREY A. BERENS
682 Grant Street
Denver, CO  80203-3507
Telephone:  303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Mario Alba, Jr.*
Mario Alba, Jr.

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:MAlba@csgrr.com

CHARLES SCHWAB YIELDPLUS (NY)

Service List - 5/19/2008    (08-0087N)

Page 1 of  2

**Counsel For Defendant(s)**

Darryl P. Rains
Thomas R. Plummer
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
   650/813-5600
   650/494-0792 (Fax)

Matthew  D'Amore
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050
   212/468-8000
   212/468-7900 (Fax)

Craig D. Martin
Stuart C. Plunkett
Kevin A. Calia
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
   415/268-7000
   415/268-7522 (Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld
Mark S. Reich
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO  80203-1764
   303/861-1764
   303/395-0393 (Fax)

John Paul Fulco
Salon, Marrow, Dyckman & Newman LLP
292 Madison Avenue
New York, NY  10017
   212/661-7100

Sean M. Handler
Steven D. Resnick
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

CHARLES SCHWAB YIELDPLUS (NY)

Service List - 5/19/2008    (08-0087N)

Page 2 of  2

Daniel W. Krasner
Robert B. Weintraub

Wolf Haldenstein Adler Freeman & Herz, LLP

270 Madison Avenue

New York, NY  10016
    212/545-4600
    212/545-4653 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
HUGH JOHN TULLY, et al., On Behalf of        :    Civil Action No. 1:08-cv-03652-BSJ-MHD
Themselves and All Others Similarly Situated,  :
                                             :    CLASS ACTION
                          Plaintiffs,        :
                                             :    NOTICE
              vs.                            :
                                             :
THE CHARLES SCHWAB CORPORATION,              :
et al.,                                      :
                                             :
                          Defendants.        :
                                             :
———————————————————— x

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that class members Garfield Peate, Mark Verge and Malkit Singh,

Power of Attorney for Jameet K. Singh (collectively, the "Peate Group"), by their counsel, will file

their opposition to the competing motions in the actions pending in the Northern District of

California, where the vast majority of cases are pending.

DATED:  June 6, 2008                     COUGHLIN STOIA GELLER
                                           RUDMAN & ROBBINS LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD
                                         MARK S. REICH
                                         MARIO ALBA JR.


                                                    /s/ Mario Alba Jr.
                                         MARIO ALBA JR.

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)

                                         SCHIFFRIN BARROWAY TOPAZ
                                           & KESSLER, LLP
                                         SEAN M. HANDLER
                                         STEVEN D. RESNICK
                                         280 King of Prussia Road
                                         Radnor, PA  19087
                                         Telephone:  610/667-7706
                                         610/667-7056 (fax)

                                         [Proposed] Co-Lead Counsel for Plaintiffs

                                         DYER & BERENS LLP
                                         JEFFREY A. BERENS
                                         682 Grant Street
                                         Denver, CO  80203-3507
                                         Telephone:  303/861-1764
                                         303/395-0393 (fax)

                                         Additional Counsel for Plaintiffs

- 1 -

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that, on June 6, 2008, I caused a true and correct copy of the attached:

Notice

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

_____*/s/ Mario Alba Jr.*_____
Mario Alba Jr.

CHARLES SCHWAB YIELDPLUS (NY)

Service List - 5/19/2008    (08-0087N)

Page 1 of  2

**Counsel For Defendant(s)**

Darryl P. Rains
Thomas R. Plummer
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA  94304
   650/813-5600
   650/494-0792 (Fax)


Craig D. Martin
Stuart C. Plunkett
Kevin A. Calia
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
   415/268-7000
   415/268-7522 (Fax)

Matthew  D'Amore
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050
   212/468-8000
   212/468-7900 (Fax)


**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld
Mark S. Reich
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)


John Paul Fulco
Salon, Marrow, Dyckman & Newman LLP
292 Madison Avenue
New York, NY  10017
   212/661-7100

Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO  80203-1764
   303/861-1764
   303/395-0393 (Fax)


Sean M. Handler
Steven D. Resnick
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

CHARLES SCHWAB YIELDPLUS (NY)

Service List - 5/19/2008    (08-0087N)

Page 2 of  2

Daniel W. Krasner
Robert B. Weintraub

Wolf Haldenstein Adler Freeman & Herz, LLP

270 Madison Avenue

New York, NY  10016
  212/545-4600
  212/545-4653 (Fax)

CASREF, CLOSED, ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-03652-BSJ-MHD

Tully et al v. The Charles Schwab Corporation et al
Assigned to: Judge Barbara S. Jones
Referred to: Magistrate Judge Michael H. Dolinger
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 04/16/2008
Date Terminated: 06/03/2008
Jury Demand: Plaintiff
Nature of Suit: 850 Securities/Commodities
Jurisdiction: Federal Question

### Plaintiff

**Hugh John Tully**
*Individually.*

represented by **Daniel W. Krasner**
Wolf Haldenstein Adler Freeman & Herz
LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600
Fax: (212) 545-4653
Email: krasner@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Weintraub**
Winston & Winston, P.C
295 Madison Avenue
Suite 930
New York, NY 10017
(212) 545-4600
Fax: 212 545-4653
Email: weintraub@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Hugh John Tully**
*on behalf of all others similarly situated,*

represented by **Daniel W. Krasner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Weintraub**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Penelope Carol Tully**                           represented by   **Daniel W. Krasner**
*Individually.*                                                     (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Robert B. Weintraub**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Penelope Carol Tully**                           represented by   **Daniel W. Krasner**
*on behalf of all others similarly situated,*                      (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Robert B. Weintraub**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Charles Schwab Corporation**                 represented by   **Matthew Mark D'Amore**
                                                                   Morrison & Foerster LLP
                                                                   1290 Avenue of the Americas
                                                                   New York, NY 10104
                                                                   212-468-8000
                                                                   Fax: 212-903-7820
                                                                   Email: mdamore@mofo.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Schwab Investments,**                            represented by   **Matthew Mark D'Amore**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab & CO. INC.,**                     represented by   **Matthew Mark D'Amore**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab Investment Management,**          represented by   **Matthew Mark D'Amore**

**INC.,**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charles R. Schwab,**

represented by **Matthew Mark D'Amore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Evelyn Dilsaver**

represented by **Matthew Mark D'Amore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Randall W. Merk**

represented by **Matthew Mark D'Amore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**George Pereira**

represented by **Matthew Mark D'Amore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Mike Labins**

**Interested Party**

**Peate Group**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2008 | 1 | COMPLAINT against Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Filing Fee $ 350.00, Receipt Number 647727)Document filed by Hugh John Tully(Individually.), Hugh John Tully(on behalf of all others similarly situated,), Penelope Carol Tully(Individually.), Penelope Carol Tully(on behalf of all others similarly situated,).(jfe) (Entered: 04/18/2008) |
| 04/16/2008 | | SUMMONS ISSUED as to Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (jfe) (Entered: 04/18/2008) |
| 04/16/2008 | | Magistrate Judge Michael H. Dolinger is so designated. (jfe) (Entered: 04/18/2008) |
| 04/16/2008 | | Case Designated ECF. (jfe) (Entered: 04/18/2008) |

| 04/29/2008 | 2 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Schwab Investments, served on 4/18/2008, answer due 5/8/2008. Service was accepted by Robert Skinner, Counsel. Document filed by Hugh John Tully (Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 3 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles R. Schwab, served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett,Counsel. Document filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 4 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles Schwab & CO. INC., served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 5 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Charles Schwab Investment Management, INC., served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(on behalf of all others similarly situated,). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 6 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Evelyn Dilsaver served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully (Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 7 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. Randall W. Merk served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully (Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 8 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. George Pereira served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully (Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/29/2008 | 9 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - AFFIDAVIT OF SERVICE. The Charles Schwab Corporation served on 4/18/2008, answer due 5/8/2008. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) Modified on 5/2/2008 (kco). (Entered: 04/29/2008) |
| 04/30/2008 | 10 | AFFIDAVIT OF SERVICE. Service was accepted by Robert Skinner, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 11 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 12 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 13 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document |

| | | filed by Hugh John Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
|---|---|---|
| 04/30/2008 | 14 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(on behalf of all others similarly situated,). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 15 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 16 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Hugh John Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 04/30/2008 | 17 | AFFIDAVIT OF SERVICE. Service was accepted by Stuart Plunkett, Counsel. Document filed by Penelope Carol Tully(Individually.). (Weintraub, Robert) (Entered: 04/30/2008) |
| 05/05/2008 | 18 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial ( includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Michael H. Dolinger. (Signed by Judge Barbara S. Jones on 5/5/08) (tro) (Entered: 05/05/2008) |
| 05/06/2008 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Document filed by The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,.(D'Amore, Matthew) (Entered: 05/06/2008) |
| 05/09/2008 | 20 | STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT AND ORDER: Therefore the parties hereto agree and stipulate, through their respective counsel for record, that defendants' time to respond to the complaint in this action shall be extended until 30 days after the service of a consolidated complaint by lead plaintiff. So Ordered. (Signed by Judge Barbara S. Jones on 5/8/08) (js) (Entered: 05/09/2008) |
| 05/13/2008 | 21 | MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California*. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/13/2008 | 22 | DECLARATION of Stuart C. Plunkett in Support re: 21 MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California.*. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/13/2008 | 23 | MEMORANDUM OF LAW in Support re: 21 MOTION to Transfer Case / *Defendants' Notice Of Motion To Transfer To The Northern District Of California.*. Document filed by Evelyn Dilsaver, Randall W. Merk, George Pereira, The Charles Schwab Corporation, Schwab Investments,, Charles Schwab & CO. INC.,, Charles Schwab Investment Management, INC.,, Charles R. Schwab,. (Attachments: # 1 Certificate of Service)(D'Amore, Matthew) (Entered: 05/13/2008) |
| 05/15/2008 | 24 | JOINDER to join *FIRST-FILED PLAINTIFF MIKE LABINS' JOINDER IN DEFENDANTS' MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA*. Document |

| | | filed by Mike Labins.(Nalven, David) (Entered: 05/15/2008) |
|---|---|---|
| 05/17/2008 | 25 | NOTICE of Filing Motion to Consolidate, to Appoint Lead Plaintiff and to Approve of Lead Counsel. Document filed by Schwab YieldPlus Investor Group. (Nalven, David) (Entered: 05/17/2008) |
| 05/19/2008 | 26 | NOTICE of Filing. Document filed by Peate Group. (Alba, Mario) (Entered: 05/19/2008) |
| 06/03/2008 | 27 | STIPULATION AND ORDER RE: TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA, It is hereby stipulated and agreed, by and between the undersigned attorneys for the respective parties to the above captioned action, that pursuant to 28 U.S.C. 1404(a), this action is transferred to the United States District Court for the Northern District of California. ENDORSEMENT; The court finds that venue would be proper in the Northern District of California, that a transfer should serve the convenience of the parties and witnesses, and that a transfer would promote the interest of justice. (Signed by Judge Barbara S. Jones on 6/3/08) (mme) (Additional attachment(s) added on 6/4/2008: # 1 Stipulation and Order) (ae). (Entered: 06/03/2008) |
| 06/03/2008 | | CASE TRANSFERRED OUT from the U.S.D.C. Southern District of New York to the United States District Court - Northern District of California. Sent original file along with documents numbered 1-27, certified copy of docket entries and transfer order. Mailed via Federal Express AIRBILL # 865175293070 on 6/6/08. (mme) (Entered: 06/06/2008) |
| 06/06/2008 | 28 | NOTICE of Filing Opposition in Northern District of California. Document filed by Peate Group. (Alba, Mario) (Entered: 06/06/2008) |